IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DUARTIE BLAMO DAVIES | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| JOHN ASHCROFT, | : | |
| UNITED STATES ATTORNEY | : | CIVIL ACTION |
| GENERAL | : | NO. 2:02-04459 |
| Respondent. | : | |

## **ORDER**

AND NOW, this          day of                    , 2003, upon consideration of the Government's response to Petitioner's Writ of Habeas Corpus, and any response thereto, it is hereby ORDERED that the petition is DISMISSED.

BY THE COURT:

_____

STEWART DALZELL
*Judge, United States District Court*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DUARTIE BLAMO DAVIES | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| JOHN ASHCROFT, | : | |
| UNITED STATES ATTORNEY | : | CIVIL ACTION |
| GENERAL | : | NO. 2:02-04459 |
| Respondent. | : | |

## GOVERNMENT'S RESPONSE TO
## PETITION FOR WRIT OF HABEAS CORPUS

The United States of America, by its attorneys, Patrick L. Meehan, United States Attorney for the Eastern District of Pennsylvania, and Sonya Fair Lawrence, Assistant United States Attorney for the District, on behalf of respondent, John Ashcroft, United States Attorney General, hereby files this response to Duartie Blamo Davies' Petition for Writ of Habeas Corpus and moves the Court to dismiss the Petition.

**I.     INTRODUCTION**

This is a habeas petition brought under 28 U.S.C. § 2241 by Duartie Blamo Davies, a native and citizen of Liberia. Mr. Davies raises only the issue of his continued detention by the Immigration and Naturalization Service pending his removal to Liberia. To the extent that Mr. Davies seeks review of the legality of his continued detention, this Court has jurisdiction to review his claim. See INS v. St. Cyr, 533 U.S. 289, 121 S.Ct. 2271 (2001)(holding that neither the Antiterrorism and Effective Death Penalty Act of

1996 nor the Illegal Immigration Reform Act of 1996 repealed the district court's jurisdiction to review habeas corpus petitions seeking review of constitutional claims and claims relating to the legal application of the INA).  For the reasons set forth below, the Court must dismiss the habeas petition.

## II.    FACTUAL BACKGROUND

Duartie Blamo Davies is a native and citizen of Liberia. Mr. Davies entered the United States at New York, New York on or about December 31, 1987, pursuant to a non-immigrant B-1 business visa.  The visa authorized Mr. Davies to remain in the United States for a temporary period not to exceed ninety days.  Accordingly, Mr. Davies was only permitted to remain in the United States until March 30, 1988.  In violation of the B-1 visa, Mr. Davies stayed in the United States more than eleven years beyond the authorized ninety day period.

On or about February 3, 1999, the Immigration and Naturalization Service ("INS") served Mr. Davies with a Notice to Appear, Form I-862, charging him with removability pursuant to Section 237(a)(1)(B) of the Immigration and Naturalization Act of 1952, as amended ("INA"); 8 U.S.C. § 1227(a)(1)(B).  INA Section 237 (a)(1)(B) renders deportable any alien who remains in the United States for a time longer than permitted. (Exhibit 1 - Notice to Appear in Removal Proceedings).

An Immigration Judge conducted removal proceedings, which began on June 29, 1999 with a master calendar hearing.  The INS took Mr. Davies into custody on or about

September 28, 2000. After a series of continuances, the Immigration Judge conducted Mr. Davies' immigration hearing on the merits on January 21, 2001.

During the Immigration Hearing, Mr. Davies conceded that he was deportable as an alien overstay, but claimed eligibility for relief from removal in the forms of asylum, withholding of removal, and Article III of the United Nations Convention Against Torture and Other Forms of Cruel, Inhuman or Degrading Treatment or Punishment ("Convention Against Torture").

After hearing Mr. Davies' testimony, and reviewing the documentary evidence, the Immigration Judge concluded that Mr. Davies was statutorily ineligible for asylum and withholding of removal because of his role in the persecution of Liberians prior to leaving that country. (Exhibit 2 - Oral Decision of the Immigration Judge at p. 6). In addition, the Immigration Judge concluded that Mr. Davies was ineligible for Convention Against Torture Relief because Mr. Davies failed to meet his burden of proving that "it is more likely than not" that he would be tortured if returned to Liberia. (Id. at p. 7). Accordingly, the Immigration Judge found Mr. Davies removable as charged, denied his applications for relief from removal, and ordered him removed from the United States to Liberia. ( Id. at p. 9).

Mr. Davies appealed the Immigration Judge's decision to the Board of Immigration Appeals ( "BIA"). On July 23, 2001, the BIA affirmed the Immigration Judge's decision and dismissed the appeal. In dismissing the appeal, the BIA thoroughly

reviewed the record of proceedings and found that Mr. Davies assisted in the persecution of others while in Liberia; therefore, he was statutorily ineligible for asylum and withholding of removal. (Exhibit 3 - Decision and Order of the BIA, dated July 23, 2001, at p. 1). In addition, the BIA determined that Mr. Davies failed to show that it is more likely than not that he would be tortured if returned to Liberia. (Id. at p. 2).

In accordance with INA Section 242(b)(1); 8 U.S.C. § 1252(b)(2), which confers jurisdiction upon the circuit courts to review administratively final orders of removal in noncriminal cases, Mr. Davies filed a Petition for Review in the United States Court of Appeals for the Third Circuit on or about August 20, 2001. At the same time, Mr. Davies filed a Motion to Stay Deportation, which was granted by the Third Circuit on October 11, 2001.

On or about October 26, 2001, the INS notified Mr. Davies and his legal representative of an impending Administrative File Custody Review. An INS Deportation Officer conducted the File Custody Review on January 9, 2002. (Exhibit 4 - File Custody Review of the INS).

During the Custody Review, the Deportation Officer reviewed Mr. Davies' criminal history, which included arrests and dispositions spanning a ten year period. Id.[1] (Exhibit 5 - NCIC Report of Mr. Davies printed February 19, 2003 [2] ). In addition, the

---

[1] During the File Custody Review, the Deportation Officer and representative from the Headquarters Post Order Detention Unit relied upon Mr. Davies' criminal history obtained from a National Criminal Information Center "NCIC" report. The NCIC report on Mr. Davies lists the following information:

| Nature of Crime | Date | Jurisdiction | Disposition |
|---|---|---|---|
| Possession of Stolen Motor Vehicle | 9/29/92 | Providence, RI | not reported |
| Violation of Banking Laws | 3/14/95 | Newport, RI | Guilty |
| Failure to Appear | 3/2/95 | Newport, RI | referred to district court |
| Rape, Recklessly endangering, indecent assault, false imprisonment, unlawful restraint, simple assault, indecent exposure, aggravated assault | 9/30/96 | Philadelphia, PA | Not guilty |
| Retail Theft | 12/11/96 | Philadelphia, PA | Unreported |
| Retail Theft | 12/8/97 | Philadelphia, PA | Guilty |
| Retail Theft | 11/10/97 | Philadelphia, PA | Unreported |
| Retail Theft | 01/04/02 | East Norriton, PA | Quashed |
| Violation Drugs/Dev & Cosmetic Act | 9/7/99 | Bethlehem, PA | Unreported |
| Violation Drugs/Dev & Cosmetic Act | 11/10/99 | Allentown, PA | Unreported |
| Violation Drugs/Dev & Cosmetic Act | 3/3/00 | Norristown, PA | Nolle Prossed |

[2] The actual NCIC report relied upon by the Deportation Officer was unavailable at the time of this filing; thus, a copy of a recent NCIC printout is attached as Exhibit 5.

-5-

Deportation Officer noted "numerous [disciplinary] incidents" related to Mr. Davies' failure to adhere to orders and actions involving "hoarding medications." Id. Notably, the file review revealed that Mr. Davies and his legal representative failed to submit documentation evidencing the availability of a place for Mr. Davies to live in the United States, close family ties in the United States, community ties or non-governmental sponsors in the United States, and the existence of legitimate employment prospects in the United States. (Exhibit 4). Mr. Davies also failed to provide the INS with information relevant to his employment and educational history. Id. In fact, the only significant documentation provided to the INS by Mr. Davies for use in the File Custody Review consisted of a copy of his request for Stay of Removal, a motion seeking leave to file a brief, and a briefing and scheduling order presumably issued by the Third Circuit. Id.

In making a credibility determination, the Deportation Officer noted that Mr. Davies has a "long history of retail theft and drug arrests and had previously failed to appear at criminal proceedings." Id. Based on the above-listed information, the Deportation Officer concluded that Mr. Davies posed a flight risk and recommended that the INS continue to detain him until such time as the Stay of Removal is lifted or his removal proceedings are finally resolved. Id. The INS District Director concurred with the Deportation Officer's recommendation and ordered Mr. Davies' continued custody. Id. In addition, the District Director transferred custody determination authority to the INS Headquarters Post Order Detention Unit in Washington, DC ("HQPDU").

On March 11, 2002, the HQPDU also reviewed the administrative file and supplemental submissions of Mr. Davies and determined that Mr. Davies posed a flight risk. (Exhibit 6 - Headquarters Post Order Detention Unit Denial of Release from Custody). Accordingly, the HQPDU ordered Mr. Davies' continued detention. Id.

After the INS notified Mr. Davies of an impending Custody Review, but before such a review took place, Mr. Davies filed a Motion for Release from INS custody with the Court of Appeals on or about December 21, 2001. (Exhibit 7 - Docket Report Third Circuit Civil Action No. 01-3265). The Government, on behalf of Respondent Ashcroft, filed a Motion to Dismiss the Petition for Release. Id. In the Motion to Dismiss, the Government argued that the Third Circuit lacked subject matter jurisdiction to make a custody determination. On April 2, 2002, the Court of Appeals dismissed the Motion for Release for lack of jurisdiction. Id.

During the pendency of the Petition for Review, Mr. Davies filed a Petition for Habeas Corpus Relief on or about April 16, 2002 in the Middle District of Pennsylvania. After the INS transferred Mr. Davies from the York County Detention Center to the Berks County Prison, the Petition for Habeas Corpus Relief was transferred to the Eastern District of Pennsylvania on or about July 5, 2002. Mr. Davies then moved this Court for Appointment of Counsel on or about August 2, 2002. The Court granted the Motion and appointed counsel to represent Mr. Davies in the district court proceedings.

On January 13, 2003, a three judge panel of the Third Circuit denied Mr. Davies'

Petition for Review and affirmed the BIA's entry of a final order of removal against Mr. Davies. (Exhibit 7). Mr. Davies' appointed counsel filed an Amended Petition for Habeas Corpus Relief on or about January 15, 2003. The Government files the instant response to the Petition. For the reasons that follow, the petition for habeas relief must be denied.

### III.  LEGAL ARGUMENT

#### A.  STANDARD OF REVIEW

This Court retains jurisdiction under 28 U.S.C. § 2241(c) to decide habeas petitions filed by aliens subject to deportation.  See INS v. St. Cyr, at 289, 121 S.Ct. at 2271. Following the Supreme Court's holding in St.Cyr, the scope of review of Mr. Davies' claim on habeas is limited to questions of law.  See Sulaiman v. INS, 212 F.Supp.2d 413, 416 (E.D.Pa. 2002). Thus, the district court, on habeas review, cannot substitute its judgment for that of the Attorney General. Rather, this Court must limit its review of Mr. Davies' claim raised in the instant habeas petition to a determination of whether the Attorney General's decision to continue Mr. Davies' detention comports with statutory regulations governing detention and constitutional protections afforded to aliens subject to administratively final orders of deportation. Thus, to the extent Mr. Davies now seeks judicial review of the Attorney General's discretionary decision to continue his detention, review of the discretionary decision of the Attorney General is unavailable on habeas. See Sol v. INS, 274 F.3d 648, 651 ( 2d Cir. 2001).

Finally, if this Court construes Mr. Davies' petition to allege a colorable due process claim, due process requires that Mr. Davies: (1) be entitled to factfinding; (2) be allowed to make arguments on his own behalf; and (3) have the right to an individualized determination of his interests. See Chong v. District Director, 264 F.3d 378, 387 (3d. Cir. 2001)(citing Abdulai v. Ashcroft, 239 F.3d 542, 549 (3d Cir.2001). Essentially, "[t]he fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" Id. (citations omitted). In the instant case, the Attorney General lawfully exercised his discretion to continue Mr. Davies' detention after carefully reviewing Mr. Davies' administrative record. Thus, Mr. Davies cannot prevail on his habeas claim and the petition for habeas corpus relief must be dismissed.

    **B.    MR. DAVIES IS NOT ENTITLED TO RELEASE DURING THE STATUTORY REMOVAL PERIOD.**

Detention of aliens under a final order of removal is governed by INA Section 241; 8 U.S.C. § 1231. Under INA Section 241, the Service has ninety days (the "removal period") to carry out an order of removal. 8 U.S.C. §1231(a)(1)(A). The removal period starts at the latest of three points: the date the order becomes administratively final; the date of any reviewing court's final order; or the date the alien is released from criminal confinement. See 8 U.S.C. § 1231(a)(1)(B)(i)-(iii).

Mr. Davies' order of removal is administratively final; the BIA issued its order affirming the Immigration Judge's entry of an order of removal on July 23, 2001. During the pendency of Mr. Davies' Petition for Review, however, the Third Circuit granted Mr.

Davies' request for a stay of removal on October 11, 2001. Therefore, Mr. Davies' removal period has not accrued since the Third Circuit's issuance of a stay of removal.

INA Section 241(a)(1)(C); 8 U.S.C. § 1231(a)(1)(C) extends the statutory removal period beyond ninety days and permits the alien to remain detained during the extended removal period whenever the alien acts to prevent his removal in any way. See INA Section 241(a)((1)(C); 8 U.S.C. § 1231(a)(1)(C). In other words, the statutory removal period is tolled while a stay of removal is in place. Accordingly, since Mr. Davies sought and received a stay of removal, the statutory removal period in the instant case was tolled and the clock did not run during the time in which the judicially ordered stay of removal was in place. Id. Thus, prior to the Third Circuit's denial of Mr. Davies' Petition for Review on January 13, 2003, Mr. Davies' was still in the statutory removal period.

Detention is mandatory during the removal period. 8 U.S.C. § 1231(a)(2). Since Mr. Davies is still in the statutory removal period, and detention is mandatory during the removal period, the Attorney General is under no obligation to release Mr. Davies while his stay of removal remains in effect. See Zadvydas v. Davis, 533 U.S. 678, 690, 121 S.Ct. 2491, 2499 ( 2001).

### C. THE ATTORNEY GENERAL'S DISCRETIONARY DECISION TO CONTINUE MR. DAVIES' CUSTODY IS NOT SUBJECT TO REVIEW ON HABEAS.

Assuming *arguendo,* that release from custody is possible during an extended removal period, pursuant to 8 U.S.C. § 1231(a)(6), an alien may be detained at the

discretion of the Attorney General. 8 U.S.C. § 1231(a)(6). It is well established that "federal jurisdiction over Section 2241 petitions does not extend to review of discretionary determinations by the [Attorney General]." Sol v. INS, 274 F.3d 648, 651 (2d Cir. 2001). Such discretionary decisions may only be reviewed by the district court on habeas if the decision amounts to a statutory violation or rises to the level of constitutional error. See INS v. St. Cyr, at 290, 121 S.Ct. at 2274. Since claims related to discretionary decisions of the Attorney General may not be reviewed under Section 2241, this Court lacks jurisdiction to review Mr. Davies' contention that the Attorney General erred in deciding to continue his detention.

> **D.  THE ATTORNEY GENERAL'S DECISION TO CONTINUE MR. DAVIES' DETENTION DOES NOT CONSTITUTE A DUE PROCESS VIOLATION.**

If this Court determines, however, that Mr. Davies has raised a colorable claim of illegality as the Attorney General's decision to continue his detention, such a claim must fail. It is well settled that aliens facing removal are entitled to due process. See Chong v. District Director, at 386. Due process requires that the alien receives a fair opportunity to be heard 'at a meaningful time and in a meaningful manner.' " Id. Therefore, the Attorney General's decision to continue Mr. Davies' detention must be upheld unless Mr. Davies was deprived of a meaningful opportunity to have the Attorney General conduct a meaningful and fair administrative file review.

The regulations pertaining to INA Section 241 state that:

> The district director may continue in custody any alien . . . removable under [8 U.S.C. §] 1227(a)(2) . . . or who presents a significant risk of noncompliance with the order of removal, beyond the removal period, as necessary, until removal from the United States. If such an alien demonstrates by clear and convincing evidence that the release would not pose a danger to the community or a significant flight risk, the district director may, in the exercise of discretion, order the alien released from custody on such conditions as the district director may prescribe, including bond in an amount sufficient to ensure the alien's appearance for removal.

8 C.F.R. § 241.4(a).

Accordingly, the regulations pertaining to INA Section 241 afford the district director the discretion to continue an alien's custody if the alien presents "a significant risk of noncompliance with the order of removal." 8 C.F.R.§ 241.1(a). Under the regulations, an alien can obtain release pending removal if he successfully demonstrates, by clear and convincing evidence, that his release would not pose a danger to the community or a significant flight risk. Id. Thus, release may be denied if the district director finds that the alien is either a flight risk or a danger to the community. It is not necessary to find that the alien meets both criteria.

During a file custody review conducted by the INS on January 9, 2002, an INS Deportation Officer reviewed information available in Mr. Davies' administrative file. Although Mr. Davies and his legal representative at the time were given adequate notice of an impending file review, they elected to produce only court-related documents. No evidence of ties to the community, employment prospects, or proposed living

arrangements was presented to supplement the record with evidence supporting his attempt to obtain release from detention. Consequently, given the information available to the INS at the time of the file custody review of January 2001, the District Director determined that Mr. Davies posed a flight risk if released from custody.

In determining that Mr. Davies posed a flight risk, the District Director relied upon Mr. Davies' criminal history, which included information related to arrests, convictions, and a failure to appear in court proceedings in 1995. (Exhibit 7).[3] The applicable regulations governing release of aliens under an administratively final order of removal clearly places the burden of proving that release is appropriate upon the alien. 8 C.F.R. § 241.1(a). Mr. Davies' first attempt to clearly deny the accuracy of the criminal charges set forth in his criminal record is set forth in his Amended Habeas Petition, which was filed on January 15, 2003. In the Amended Petition, Mr. Davies now presents information related to the basis upon which some of the charges against him were filed. In addition, he argues that the INS erred in finding that he possessed a "long history of retail theft and drug arrests." Such arguments, however, should have been made to the INS during Mr. Davies' file custody review. If, in fact, Mr. Davies believed that his administrative file contained incorrect information, the appropriate time to refute such information was before the INS conducted its file custody reviews.

---

[3] Notably, Mr. Davies' 1995 failure to appear in proceedings in Rhode Island apparently precipitated his relocation to Philadelphia in the same year. Although Mr. Davies attempts to minimize the significance of his flight from justice in Rhode Island, evidence of past disregard for legal proceedings is a significant indicator of the likelihood of future flight.

In the instant case, the Attorney General reviewed the information contained in Mr. Davies' administrative file and supplemental information provided by the alien. Based upon such information, the INS concluded that Mr. Davies posed a flight risk. At the time of the file custody reviews conducted by the INS, Mr. Davies had not come forward with evidence to support a conclusion that his criminal history is inaccurate or that the INS failed to comply with its statutory mandates in relying upon his criminal history information.

The Attorney General conducted a review of the information available in Mr. Davies' administrative file and determined that: (a) Mr. Davies' previous criminal history evidenced a disregard for the law; (b) Mr. Davies previously fled from a court's jurisdiction during the pendency of criminal charges; and (c) his administrative file lacked evidence of the existence of community ties and opportunities for employment to support a decision to release him from custody. Therefore, the Attorney General's decision to continue Mr. Davies detention comports with the statutory scheme governing the discretionary decision to maintain custody of an alien. In addition, because the Attorney General conducted a meaningful review of Mr. Davies file and afforded him an opportunity to provide information relevant to such a review, the decision to continue Mr. Davies' detention cannot form the basis for a grant of habeas corpus relief in this case.

On habeas review, this Court must determine if the Attorney General complied with relevant statutory regulations and constitutional protections. Since the Attorney

General did comply with all relevant statutory regulations and afforded Mr. Davies every constitutional protection to which he was due, a grant of habeas relief here is unwarranted.

Although Mr. Davies cannot obtain release from custody pursuant to the arguments set forth in his Amended Petition for Habeas Relief, he is not precluded from requesting another custody review from the Attorney General at any time.  Since the INS was not furnished with much of the evidence Mr. Davies contends supports his release from custody, he may furnish such information to the Attorney General in an attempt to obtain the relief he now seeks from the district court.   It is important to note, however, that the Third Circuit's recent denial of Mr. Davies' Petition for Review will no doubt prompt the INS to secure travel documents for Mr. Davies' return to Liberia. Once travel documents are obtained, assuming the Stay of Removal is no longer in place, Mr. Davies will likely be repatriated to Liberia and release from custody will no longer be an issue.

## IV. CONCLUSION

For the foregoing reasons, the government respectfully requests that the Court dismiss Mr. Davies' Petition for Habeas Corpus Relief.

Respectfully submitted,

PATRICK L. MEEHAN
United States Attorney


_____
VIRGINIA A. GIBSON
Assistant United States Attorney
Chief, Civil Division


Dated: February 28, 2003                 _____
SONYA FAIR LAWRENCE
Assistant United States Attorney

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 28th day of February, 2003, I caused a true and correct copy of the foregoing Government's Response to Petition for Habeas Corpus to be served by first-class mail, postage prepaid, upon the following:

>Stuart Patchen, Esq.
>Dina Chavar, Esq.
>Federal Court Division
>Defender Association of Philadelphia
>Suite 540 West - The Curtis Center
>Independence Square West
>Philadelphia, PA 19106

>_____
>Sonya Fair Lawrence
>Assistant United States Attorney
>Suite 1250, 615 Chestnut Street
>(215) 861 - 8921
>(215) 861 - 8349 (telecopier)