IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DUARTE BLAMO DAVIES

     Petitioner,

     v.

JOHN ASHCROFT, UNITED STATES
ATTORNEY GENERAL, ET AL.

     Respondents.

:
:
:
:
:
:
:
:
:
:

CIVIL ACTION NO. 02-4459

<u>EXHIBITS</u>

EXHIBIT 1

U.S. Department of Justice
Immigration and Naturalization Service

**Notice to Appear**

**In removal proceedings under section 240 of the Immigration and Nationality Act**

File No:   A73 034 544

In Matter of:                                                                                          currently residing at:

Respondent:    DAVIES, DUARTIE

                                                                                                              000-000-0000
    802 N BROAD ST.  PHILADELPHIA, PA 19103-0000                                  ( Area code and phone
                              (Number, street, city, state, and ZIP code)

number)

☐  1. You are an arriving alien.

☐  2. You are an alien present in the United States who has not been admitted or paroled.

☒  3. You have been admitted to the United States, but are deportable for the reasons stated below.

The Service alleges that you:
1) You are not a citizen or national of the United States;
2) You are a native of LIBERIA and a citizen of LIBERIA;
3) You were admitted to the United States at NEW YORK, NY on or about December 31, 1987 as a nonimmigrant B-1 with authorization to remain
in the United States for a temporary period not to exceed  March 30, 1988 ;
4) You remained in the United States beyond March 30, 1988 without authorization from the Immigration and Naturalization Service.

On the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following
provision(s) of law:
Section 237 (a) (1) (B) of the Immigration and Nationality Act (Act), as amended, in that after admission as a nonimmigrant under
Section 101(a) (15) of the Act, you have remained in the United States for a time longer than permitted.

☐   This notice is being issued after an asylum officer has found that the respondent has demonstrated a credible fear of persecution.

☐   Section 235(b)(1) order was vacated pursuant to:   ☐ 8 CFR 208.30(f)(2)     ☐ 8 CFR 235.3(b)(5)(iv)

    YOU ARE ORDERED to appear before an immigration judge of the United States Department of Justice at:
     1600 CALLOWHILL ST.,   SUITE 400, PHILADELPHIA, PA 19130-0000
                              (Complete Address of Immigration Court, Including Room Number, if any)
on _March 23 1999_  at _9:00 AM_   to show why you should not be removed from the United States based on the
          (Date)                  (Time)
charge(s) set forth above.

                                                                              _____ SAO
                                                                              (Signature and Title of Issuing Officer)

    Date:   JAN     1999                         LYNDHURST, NJ
                                                            (City and State)

**See reverse for important information**

Form I-862( 4-1-97)

**Notice to Respondent**

**Warning:** Any statement you make may be used against you in removal proceedings.

**Alien Registration:** This copy of the Notice to Appear served upon you is evidence of your alien registration while you are under removal proceedings. You are required to carry it with you at all times.

**Representation:** If you so choose, you may be represented in this proceeding, at no expense to the Government, by an attorney or other individual authorized and qualified to represent persons before the Executive Office for Immigration Review, pursuant to 8 CFR 3.16. Unless you so request, no hearing will be scheduled earlier than ten days from the date of this notice, to allow sufficient time to secure counsel. A list of qualified attorneys and organizations who may be available to represent you at no cost will be provided with this Notice.

**Conduct of the hearing:** At the time of your hearing, you should bring with you any affidavits or other documents which you desire to have considered in connection with your case. If any document is in a foreign language, you must bring the original and a certified English translation of the document. If you wish to have the testimony of any witnesses considered, you should arrange to have such witnesses present at the hearing.

At your hearing you will be given the opportunity to admit or deny any or of the allegations in the Notice to Appear and that you are inadmissible or deportable on the charges contained in the Notice to Appear. You will have an opportunity to present evidence on your own behalf, to examine any evidence presented by the Government, to object, on proper legal grounds, to the receipt of evidence and to cross examine any witnesses presented by the Government. At the conclusion of your hearing, you have a right to appeal an adverse decision by the immigration judge.

You will be advised by the judge before whom you appear, of any relief from removal for which you may appear eligible including the privilege of departing voluntarily. You will be given a reasonable opportunity to make any such application to the immigration judge.

**Failure to appear:** You are required to provide the INS, in writing, with your full mailing address and telephone number. You must notify the Immigration Court immediately by using Form EOIR-33 whenever you change your address or telephone number during the course of this proceeding. You will be provided with a copy of this form. Notices of hearing will be mailed to this address. If you do not submit Form EOIR-33 and do not otherwise provide an address at which you may be reached during proceedings, then the Government shall not be required to provide you with written notice of your hearing. If you fail to attend the hearing at the time and place designated on this notice, or any date and time later directed by the Immigration Court, a removal order may be made by the immigration judge in your absence, and you may be arrested and detained by the INS.

---

## Request for Prompt Hearing

To expedite a determination in my case, I request an immediate hearing. I waive my right to have a 10-day period prior to appearing before an immigration judge.

_____
(Signature of Respondent)

Before:

_____          Date: _____
(Signature and Title of INS Officer)

---

### Certificate of Service

This Notice to Appear was served on the respondent by me on _FEB.3, 1999_, in the following manner and in compliance with section 239(a)(1)(F) of the Act:

[ ] in person          [ ] by certified mail, return receipt requested          [X] by regular mail

[x] Attached is a list of organizations and attorneys which provide free legal services.

[ ] The alien was provided oral notice in the _____ language of the time and place of his or her hearing and of the consequences of failure to appear as provided in section 240(b)(7) of the Act.

_____          _____
(Signature of Respondent if Personally Served)          (Signature and Title of Officer)

EXHIBIT 2

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
Philadelphia, Pennsylvania

File No.:    A 73 034 544                    January 29, 2001

In the Matter of
                              )
DUARTIE DAVIES,               )    IN REMOVAL PROCEEDINGS
                              )
         Respondent           )

CHARGE:        I&N Act -- Section 237(a)(1)(B)

APPLICATIONS:  Asylum; withholding of removal; and Torture
               Convention claim

ON BEHALF OF RESPONDENT:          ON BEHALF OF SERVICE:

Jane Schoener, Esquire            Jeffrey T. Bubier, Esquire
400 Market Street                 Assistant District Counsel
Suite 420
Philadelphia, PA  19106

## ORAL DECISION OF THE IMMIGRATION JUDGE

The respondent is a 50-year-old married, male alien, a native and citizen of Liberia, who ostensibly was admitted to the United States on or about December 31, 1987 as a non-immigrant B-1 authorization to remain until March 30, 1988, a period of 90 days.  On or about February 3, 1999, the respondent was served a Notice to Appear, Form I-862, alleging his removability on the above set forth ground.  At prior master calendar proceedings, in a different court, the respondent has conceded the allegations and facts set forth in his Notice to Appear, has conceded removability as a non-immigrant overstay.  In order to avoid

ccm

removal, the respondent has submitted Form I-589, which is dated
October 7, 1993.  He has appeared in Court today with counsel of
record and has submitted testimony on documentary evidence to
support that claim.  The Court has considered all of the evidence
in this case and whether such enumerated herein or not, and it's
based its decision upon such evidence.

The respondent's claim of past persecution revolves
around his being arrested as a police officer following the
military-backed coup which led to Samuel Doe taking over Liberia
in 1980.  According to the respondent, he was arrested on four
occasions primarily because he was Americo-Liberian descent,
which the Court would note, had ruled Liberia for generations
prior to the Doe regime, but which the Doe government targeted
for reprisals, including mass arrests and executions.  The
respondent claimed to have been beaten while detained.  The
longest time detained for three months before he could no longer
take the fear and no longer being a police officer and being
subjected to further arrests.  He then quit the police force,
according to the written application for asylum, in 1986, to form
a partnership with another man in a building materials business
in Monrovia.  He then claimed to have left Monrovia December,
1986, again, according to his testimony, traveling to the United
States on a B-1 business visa.  After he got here, he then
decided to stay when he learned that his aunt's house has been
destroyed and that cousin killed.  He then filed for asylum in

A 73 034 544                        2                  January 29, 2001

ccm

1993 after first apply for TPS in 1990. The respondent fears
returning to Liberia because of his Americo-Liberian ethnicity as
well as his former duties as a police officer under the Doe
regime. He believes he would be persecuted and/or tortured upon
his return by the present government for these reasons.

The Court must concur with Service counsel's opinion
that the respondent's testimony today has not been credible.
There are a number of problems with his claim, but the Court will
only name a few. First, if the respondent has quit his job as a
police officer in 1986, he has not explained why his written
application for asylum in paragraph 18 states that he was
arrested in June, 1987 by these People's Redemption Council,
which was a political party in the Doe group, which accused him
of being a corrupt police officer. The written statement goes on
to say that upon his release, he then left his job at that time
as a police officer. Thus, the dates do not correspond in this
regard. Second, respondent testified twice that the longest time
he was held in detention following any of his arrests in Liberia
was 90 days, but at paragraph 22 on his written application, he
states that he was detained for up to a period of nine months.
Again, the respondent has not enlightened the Court as to these
discrepancies.

Third, he initially testified that when he departed
Monrovia either in December, 1986 or December, 1987, he did so on
a valid B-1 business visa in order to secure inventory for his

A 73 034 544                    3              January 29, 2001

ccm

business in Monrovia.  He later testified that he was still
fearful of being arrested.  But then he testified that he had
always planned on returning to Monrovia at the expiration of his
90-day business visa because he had left his wife and four
children there in the care of her brother.   But then he goes on
to testify that shortly after arriving in the U.S. he was
informed that his aunt's house has been destroyed and a cousin
killed.  Now what has not been explained to the Court was why if
Americo-Liberians had, in the respondent's testimony, been
routinely singled out for persecution and other disparate
treatment following the Doe coup in 1980, why he would all of a
sudden have this fear for his life once he got to the United
States.  It just doesn't make sense.  This Court is confident,
and it seems to me, that the respondent left Monrovia with no
intention of returning.

     Again, there are other problems with the credibility of
the respondent that the Court could mention, but suffice it to
say at this juncture that the Court cannot accept as credible or
persuasive the majority of the respondent's testimony as it
relates to any past potential harm to him.  However, the main
reason this Court will deny his application for asylum and
withholding of removal is based on what the Court found has to be
evidence of the respondent's engagement in the persecution of
others.  The Court has viewed this finding in accordance with the
Board's decision in Matter of Rodriguez-Majano, 19 I&N Dec. 811

A 73 034 544                    4                January 29, 2001

ccm

(BIA 1988).  Therein the Board held, inter alia, that "participation or assistance of an alien in persecution need not be of his own volition to bar him from relief.  However, mere membership in an organization even one which engages in persecution is not sufficient to bar one from relief, but only if one's action or inaction furthers that persecution in some way is the objective effect of an alien's action which is controlling."

In this case, the respondent candidly admitted that shortly after he was detained as a police officer on the night of the 1980 coup, he was released to return to his police duties after it was determined he posed no threat to the new military installed government.  At some point thereafter, he was assigned to a special department within the Monrovia police force called the joint security force, was comprised of approximately 500 police officers.  According to the respondent, this special force received orders directly from higher echelons in the military or from the office of the president to arrest those suspected of being a threat to the new government.  The respondent admitted making hundreds of arrests of people not viewed as ordinary criminals, operating in the dark of night while making such arrests, which the Court notes would be a time that the victims would either be asleep or when their guard would be down.  These people were transported by the respondent to security or military headquarters where he left them off.  He then testifies that they were beaten by the investigators.  When asked by the Court what

A 73 034 544                    5              January 29, 2001

ccm

happened to them thereafter, the respondent testified that they rarely came out again. That they were killed. The respondent admits taking these people, arresting these people under the color of his authority and that he used whatever force was reasonable at the time to complete his arrest.

While the respondent admits no killings or otherwise harming any of those arrested, many of whom were Americo-Liberians, his actions, at the very least, assisted others in persecuting Liberian citizens for one or more of the reasons set forth in Section 101(a)(42)(A) of the Immigration and Nationality Act. The respondent cannot be said to have been a mere spectator. His role in the persecution perhaps of many hundreds of otherwise innocent Liberians was crucial to the despotic Doe regime itself roundly criticized by the international community for it's indiscriminate deprivation of human rights, including persecution on a large scale. Consequently, the respondent is statutorily ineligible for asylum and withholding of removal in accordance with 8 C.F.R. 208(b)(2)(A)(I) and 241(b)(3)(B)(I), respectively.

The respondent has also made a claim under Article 3 of the Convention Against Torture and Other Forms of Cruel, Inhuman or Degrading Treatment or Punishment. The Convention Against Torture was signed by the United States in October, 1988 and the Senate adopted its resolution with advise and consent to ratification in October, 1990. The Treaty became effectively

A 73 034 544                             6                    January 29, 2001

ccm

binding on the United States in November, 1994.  On or about
February 19, 1999, the Attorney General of the United States
published interim regulations implementing the Convention Against
Torture, published in the Federal Register effective March 22,
1999 and codified at 8 C.F.R. Part 3.  The regulations establish
procedures for raising a claim for protection under Article 3 of
the Convention Against Torture which prohibits the return of an
alien to a country where there are substantial grounds for
believing he or she would be in danger of being subjected to
torture.

The burden of proof is on the application for
withholding of removal under Section 241(b)(3) or deferral of
removal under the Convention Against Torture to establish that
it's more likely than not that he would be tortured if removed to
the proposed country of removal.  8 C.F.R. 208.16(b).  The Court
takes cognizance of the Board's recent decision in Matter of S-B-
Int. Dec. 3430 (BIA 2000), which delves into the criteria which
must be established by an alien before he would be provided
protection under Article 3 either in the form of withholding of
removal or deferral of removal.

The Court has relied to a great extent on the most
recent country reports and country practices reports from the
Department of State which have been appended to the record.
While the human rights situation in Liberia cannot be said to be
encouraging, there have been steps toward improvements in the

A 73 034 544                    7              January 29, 2001

AUG-29-2002 16:49        INS DISTRICT COUNSEL                    215 656 7148    P.01/02

ccm

last two years or so.  But the respondent has the burden of
proof, as noted above, to establish that it is more likely than
not he would be singled out for torture as that term is defined
and quantified under the Federal implementing regulations.
However, the Court cannot find sufficient evidence in this record
that would mandate an order of protection to the respondent.  As
the Department of State indicates, former opponents of the Taylor
government have been assigned to offices of power in Liberia and
there is no evidence that the respondent as a former police
officer in the Doe regime would be singled out for arrest by the
present government upon his return.  That is, the Court cannot
fathom any valid reason why this respondent absent from Liberia
for 14 years or more, would be of interest to the present
government.  The Doe regime has now been defunct for a number of
years.  The documentary evidence in this particular case does not
support the respondent's claims, which has not been taken at face
value, in any event, that he would be tortured for his past
duties as a police officer or because of his ethnicity as an
Americo-Liberian.  In this later regard, it is noted that
President Taylor is himself an Americo-Liberian.  Consequently,
as the respondent has failed to establish sufficient evidence to
support his claim in this regard, his claim must fail.

        Accordingly, based upon the foregoing, the following
orders are entered:


A 73 034 544                    8                    January 29, 2001

ccm

## ORDER

The respondent's application for asylum and withholding of removal are hereby denied.

The respondent's claim under Article 3 of the Torture Convention is hereby denied.

The respondent is hereby ordered removed from the United States to Liberia pursuant to the charge set forth in his Notice to Appear.


WALTER A. DURLING
Immigration Judge


A 73 034 544                    9              January 29, 2001

EXHIBIT 3

**U.S. Department of Just** )                         Decision ( _ je Board of Immigration Appeals
Executive Office for Immigratic... Review

Falls Church, Virginia 22041

File:  A73 034 544 - York                    Date:    JUL 23 200..

In re:  DUARTIE DAVIES

IN REMOVAL PROCEEDINGS

APPEAL

ON BEHALF OF RESPONDENT:  Pro se

ON BEHALF OF SERVICE:  Daryl F. Bloom
Assistant District Counsel

CHARGE:

Notice:  Sec.    237(a)(1)(B), I&N Act [8 U.S.C. § 1227(a)(1)(B)] -
In the United States in violation of law

APPLICATION:  Asylum; withholding of removal; Convention Against Torture

        In a decision dated January 29, 2001, an Immigration Judge found the respondent removable as charged, and denied the respondent's applications for asylum, withholding of removal, and protection under the Convention Against Torture. The respondent has appealed the denial of relief. The appeal will be dismissed. The respondent's request for oral argument before the Board is denied. 8 C.F.R. § 3.1(e) (2001).

        The respondent is a 50-year-old male, native and citizen of Liberia, who was admitted to the United States on December 31, 1987, and remained in the country beyond the time authorized. He is seeking asylum based upon a claim of past persecution and fear of future persecution in Liberia on account of his Americo-Liberian ethnicity and his status as a former police officer under the Doe government. The Immigration Judge found the respondent ineligible for relief due to his assistance in the persecution of others. In the alternative, he found the respondent to be not credible. Because we agree with the Immigration Judge's assessment that the respondent assisted in the persecution of others, we need not address the issue of credibility.

        Asylum is not available to an alien who "ordered, incited, assisted, or otherwise participated in the persecution of any person on account of race, religion, nationality, membership in a particular social group, or political opinion." Section 208(b)(2)(A)(i) of the Act; 8 C.F.R. § 208.13(c) (an alien is ineligible for asylum if section 208(b)(2)(A) applies). Likewise, withholding of removal under section 241(b)(3) of the Act and withholding of removal under the Torture Convention are unavailable to such an alien. See section 241(b)(3)(B)(i) of the Act; 8 C.F.R. § 208.16(d)(2) (providing for the mandatory denial of applications for withholding of removal and Torture Convention protection for aliens who fall within section 241(b)(3)(B) of the Act).

A73 034 544

In the instant case, the respondent testified that he served as a sergeant in the police force in 1980 under President Tolbert's regime, but that after the coup in 1980 by President Doe, he was assigned to the Joint Security Force, and elite police force working directly under the government (Tr. at 27, 81). In this capacity, he arrested hundreds, maybe a thousand people upon special orders from the Doe government and the commanding general of the army "for political reasons" or because they worked for the former government or because they were of Americo-Liberian ethnicity (Tr. at 57, 58). The respondent, armed with a handgun and baton, would break down the doors of those he arrested in the middle of the night, and he admitted that he used force against those who resisted arrest "almost every day" (Tr. at 59, 60, 87). He also explained that the arrestees were usually beaten upon their arrival at the police headquarters, and he testified that he knew that many of those he arrested would end up dead (Tr. at 79, 87).

The respondent claims that he was only following orders and that he risked harm to himself by disobeying the orders. However, in *Matter of Rodriguez-Majano*, 19 I&N Dec. 811, 814 (BIA 1988), the Board held that the participation or assistance of an alien in persecution need not be of his own volition to bar him from relief. We explained that while mere membership in an organization which engages in persecution is not sufficient, an alien whose action or inaction furthers that persecution in some way would be barred from relief. *Id.* at 814-15. It is clear from the respondent's own testimony that his actions as a sergeant in the security forces facilitated the persecution of Liberians, as he personally arrested hundreds of people with the knowledge that they would be severely beaten and sometimes killed during their incarceration on account of their political views and ethnicity. Accordingly, we agree with the Immigration Judge that the respondent is ineligible for asylum and withholding of removal.

However, the respondent's participation in the persecution of others does not automatically bar him from eligibility for deferral of removal. *See* 8 C.F.R. § 208.17(a). To establish eligibility for such relief, the respondent must demonstrate that it is more likely than not that he would be tortured if returned to Liberia. 8 C.F.R. § 208.16(c)(2). The term "torture" does not simply refer to general violence. The existence of a consistent pattern of gross, flagrant, or mass violations of human rights in a particular country does not, as such, constitute a sufficient ground for determining that a particular person would be in danger of being subjected to torture upon his or her return to that country. *Matter of S-V-*, Interim Decision 3430 (BIA 2000). The respondent claims that he would be tortured due to his ethnicity and due to his former status as a police officer during the Doe regime. However, there is little evidence to support these assertions. According to the June 1998 Department of State Profile of Asylum Claims and Country Conditions for Liberia ("*Profile*," Exh. 7), many of those who held positions under the Doe regime are now serving in the current government (*Profile*, at 5). Moreover, the current president, Charles Taylor, is of the same Americo-Liberian ethnicity as the respondent (1999 Department of State Country Reports on Human Rights Practices for Liberia, Exh. 8, at 1). Therefore, we find that the respondent has failed to meet his burden to establish that it is more likely than not that he would be tortured upon his return to Liberia.

A73 034 544

   In his Notice of Appeal, the respondent challenges the Immigration Judge's denial of a continuance to submit additional evidence. However, this issue is not pursued in his brief, and there is no evidence in the record that a continuance was ever requested. Moreover, we find that the respondent's bare assertions that the *Profile* was improperly admitted into evidence and that the Immigration Judge applied the wrong standard to determine his eligibility for relief have no merit. Finally, we note that the respondent has submitted additional evidence on appeal. However, we cannot consider this evidence, as our review on appeal is limited to the record of proceedings. *See Matter of Grijalva*, 21 I&N Dec. 27, 36-37 (BIA 1995); *Matter of Haim*, 19 I&N Dec. 641, 643 (BIA 1988). Accordingly, the appeal will be dismissed.

   ORDER:  The respondent's appeal is dismissed.


FOR THE BOARD

3

EXHIBIT 4



**U.S. Department of Justice**
Immigration and Naturalization Service
Philadelphia District

_____

*1600 Callowhill Street*
*Philadelphia, PA 19608*

February 15, 2002

DAVIES, Duartie Blamo    A# 73 034 544
C/O Berks County Prison
1287 County Welefare RD
Leesport, PA 19533

### Decision by District Director to Continue Detention
### Upon Expiration of Removal Period

   This letter is to inform you that your custody status has been reviewed and it has been determined that you will not be released from the custody of the Immigration and Naturalization Service (INS) at this time. This decision has been made based on a review of your file and consideration of the information submitted to INS reviewing officials in support of your application for release.

   After carefully weighing the factors pertaining to your case, you will not be released form the custody of the INS because of lengthy criminal record and for your failure to submit any employment possibilities or living arrangements. For these aforementioned reasons the Service considers you to be a serious flight risk.

Control of your custody case will be:

| X | Transferred to the INS Headquarters Post Order Detention Unit. Your situation will be reviewed again by that unit within 30 days after it receives the case. They will send a notice to you when they schedule that review. Any material touching on your qualifications for release that you wish to have considered should be submitted to that office. You will find their address at the bottom of the next page. |
|---|---|
|   | Maintained at this office for another 90 days. If no travel document is obtained within that period, control will be transferred to the INS Headquarters Post Order Detention Unit. Until that time, any inquiries or material that you wish to have considered should be submitted to: |

_____ at _____
(Officer Name)                              (Office Address)

_____        2/22/02
Signature of District Director/Designated Representative          Date
(Page 1 of 2)

Decision to Continue Detention upon Expiration of Removal Period
Page 2
DAVIES, Duartie (A73 034 544)

---

## PROOF OF SERVICE

(1)    **Personal Service (Officer to complete both (a) and (b) below.)**

(a)    I   _R. KRISHOCK , DEO_____,
                   _____Name & Title of INS Officer_____

certify that I served   _DAVIES, DUARTIE BUMO_____ with a copy
                             _____Name of detainee_____

of this document at _BERKS COUNTY PRISON___ on _02|02|2002_ at _1300 HOURS_ .
                           _____Institution_____      ___Date___      ____Time____

(b)    I certify that I served the custodian with a copy of this document.

(2)    **Service by certified mail with return receipt.  (Attach copy of receipt)**

I _____, certify that I served _____
         _____Name & Title of INS Officer_____                      _____Name of detainee_____

an the custodian of records at _____
                                                          _____Institution_____

with a copy of this document by certified mail at on _____.
                                                                   ___Date___

( X ) CC: Attorney of Record or Designated Representative
( X ) CC: A-File

**ADDRESS FURTHER CORRESPONDENCE TO:**
INS Enforcement
801 I St. NW, Suite 801
Washington, D.C.  20536

Attn: Headquarters Post Order Detention Unit

(Page 2 of 2)

# POST ORDER CUSTODY REVIEW WORKSHEET FOR FILE REVIEW AND/OR INTERVIEW

**Detainee Name**: DAVIES, Duarte Blamo    **Date of Birth**:11/23/50    **"A" Number**:  73 034 544

**AKAs**: N/A                              **BOP Number**: N/A

**Country of Birth**:    Liberia        **Citizenship**:    Liberia

**Date of Arrival**:        12/31/87        **Place of Arrival**:    New York, NY

**Manner of Arrival**:  B-1        **Last Date into INS Custody**:        09/28/2000

**Entered INS Custody from**:        ☒  **Local**  ☐ **State**  ☐ **Federal Institution**
                                      ☐  **Other**

**Location**:  Lehigh County Prison        **Institution Number**: 86839

**Immigration History**:  (Prior INS arrest[s]/parole/bond/custody information)

>        Describe:        Detained without bond.  Booked into York County Prison on 09/28/00; transferred to Lehigh County Prison 09/12/01; transferred to York County Prison on 10/19/01.

**Deportation Officer**: Timothy Shearon        **Date of Review**:        01/09/02

**Location Detained**:  York County Prison

## Deportation/Exclusion/Removal Proceedings

**List all Charges**:        ☒        Section 237 (a)  (a)(1)(B)
                             ☐        Section 212 (a)        ,        ,
                             ☐        Section 241        ,        ,

☒        Under <u>Final Order</u> dated 07/23/01  by ☐ IJ  ☒ BIA  ☐ Other

☒        Appeal Waived/Appeal Time Elapsed    **Stay Granted Middle District of PA 09/12/01**

**Travel Document Status/History:**  08/06/01, TD requested from Consulate of Liberia, NYC. 08/16/01,Telephone interview with Liberian Consulate.

## Legal Representative / Attorney

**G-28 Filed:** ☒ Yes    ☐ No

**Legal Rep/Atty. Notified of Interview:** ☒ Yes    ☐ N/A    by: T. Shearon
on: 10/26/01

**Name of Representative / Attorney:**    Cynthia Lento

**Mailing Address:**    530 Union Blvd.    **Telephone Number:** (610) 435-1541  ext. 335
Allentown, PA  18103

**Present during interview:**    ☐ Yes    ☒ No

## Criminal History

**Outside the United States:**   Unknown
(specify nature of crime, whether convicted, sentence imposed, date, and country)

**In the United States:**        **Possession stolen M/V**, 09/29/92, no disposition, Providence, RI; **Violation of Banking Laws**, 03/14/95, Guilty, Newport, RI; **Capias-Failure to appear**, 03/02/1995, Turned over to district court; **Rape, Recklessly endangering, Indecent assault, False imprisonment, Unlawful restraint, Simple Assault, Indecent Exposure, Aggravated assault**, 09/30/96, Found not guilty, Philadelphia, PA; **Retail theft**, 12/11/96, Disposition unreported, Philadelphia, PA; **Retail Theft**, 12/08/97, Found Guilty, Philadelphia, PA; **Retail theft**, 11/10/97, Disposition unreported, Philadelphia, PA; **Retail Theft**, 12/08/97, Found guilty, Philadelphia, PA; **Retail Theft**, 01/04/02, Quashed, East Norriton, PA; **Violation Drugs/Dev & cosmetic Act**, 03/03/00, Nolle Prossed, Norristown, PA; **Violation Drugs/Dev & cosmetic Act**, 09/07/99, Disposition unreported, Bethlehem, PA; **Violation Drugs/Dev & cosmetic Act**, 11/10/99, Disposition unreported, Allentown, PA

**NCIC Checks:**        ☒ Criminal History        ☐ No record Found
(State and Federal)
**FBI#**  320893RA9                    **SID#**  PA23930617
Summary of NCIC Checks:   See Criminal history above

## Institutional / Disciplinary Record

**Did the detainee have prior Disciplinary Reports?**        ☐ Yes    ☒ No

If Yes, List & Describe:    No reports in file.

Source:

**Disciplinary reports and Incidents while in INS Custody?**    ☒ Yes    ☐ No

     If Yes, List & Describe:  Numerous incidents for not following orders and hoarding medications

---

## Specifics of Interview

**Date of File Review:**         01/09/02

**Date of Detainee Interview:** N/A

**Location of Interview:**        N/A

**Interviewing Officer:** #1:

                      #2:    (optional)

**Interpreter Used:**    ☐ Yes    ☐ No    Name:
**Language/Dialect:**

---

**Does the detainee have a place to live in the United States?**    ☐ Yes    ☒ No

    Address:      No documentation submitted by detainee

**Is the detainee subject to any parole or probation requirements?**    ☐ Yes    ☒ No

    Describe:

**Does the detainee have close family ties within the United States?**    ☐ Yes    ☒ No

    Describe:      No documentation submitted by detainee

**Does the detainee have any community ties or non-governmental sponsors?** ☐ Yes ☒ No

    Describe:      No documentation submitted by detainee

**Does the detainee have any employment prospects?**    ☐ Yes    ☒ No

    Describe:      No documentation submitted by detainee

**What is the detainee's employment history?**

    Describe:      Unknown, no documentation submitted by detainee

**What is the detainee's educational level?**

    Describe:      Unknown, no documentation submitted by detainee

**Does the detainee have any vocational training?**  ☐ Yes  ☒ No

Describe:     Unknown, no documentation submitted by detainee

---

## *Medical/Psychological Concerns*

**Medical/Psychological Report :**  ☐ In A-File  ☒ None  ☐ Not Available

**Date and Source:**

**Summary:**

---

**Other documentary evidence for consideration in this review:**

Detainee submitted: Motion to except late file brief, dated 04/26/01; Briefing and Scheduling Order; Request for stay of removal

---

**Discussion at Interview**

**Notes:** N/A, file review

The INS detainee was found ☐ **CREDIBLE**   ☒ **NOT CREDIBLE**
**Explain:** The detainee has a long history of retail theft and drug arrests. Additionally, the detainee failed to appear for his criminal proceedings.

## Officer Comments/Analysis & Recommendation

The detainee has a history of violating the laws of the United States. Duartie Blamo Davies has failed to appear for a scheduled hearing and failed to submit any documents for employment or his living arrangements. These violations and omissions make him a flight risk if released from detention. The subject is a final order of removal, only a stay of removal granted by the middle district of PA prevents the Service from removing him from the United States.

Due to his lengthy criminal record and his history of failing to appear for his criminal proceedings, I recommend that Duartie Blamo Davies remain in Service custody until the Middle District of Pennsylvania makes a decision on Mr. Davies' proceedings.

Interviewing Officer: Timothy J. Shearon

02/04/02   (Detain)   Release
Date:

Reviewed by: _____ SDDO

2/11/02   (Concur)   Do Not Concur
Date:

Page 5

## DISTRICT DIRECTOR'S CUSTODY DETERMINATION

☐ RELEASE FROM CUSTODY / ORDER OF SUPERVISION

☐ RELEASE FROM CUSTODY / ORDER OF SUPERVISION UNDER BOND

     Bond Amount: _____

☐ CONTINUE IN CUSTODY / RETAIN CUSTODY DETERMINATION AUTHORITY
FOR AN ADDITIONAL 90 DAYS AFTER REMOVAL PERIOD.

☒ CONTINUE IN CUSTODY / TRANSFER CUSTODY DETERMINATION
AUTHORITY TO HQ PDU.

Comments (attach additional sheet(s) if necessary):

INS District Office: _____

Signature of District Director: _____     Date: 2/14/02
or of District Director's Designee _____
    (Printed Name & Title)

## *HEADQUARTER'S REVIEW OF CONTINUED DETENTION*

Reviewing Officers             Concur     Reconsider     Date

_____    _____    _____    _____
    (Name, Title, Signature)

_____    _____    _____    _____
    (Name, Title, Signature)

_____    _____    _____    _____
    (Name, Title, Signature)

For comments, please refer to the "Headquarters Post Order Custody Review" form.

(Final 10/18/99)            **Page 6**

EXHIBIT 5

```
NNXMSG01               NCIC/NLETS - VIEW MESSAGES           DATE: 02/19/2003
PAGE: 001          PRINTER ID:        CNTL NUMBER: 00000    TIME: 14:08:58

*******************************************************************
THE FOLLOWING TRANSACTION IS BEING SENT TO JUSTICE:
JUINS PP NN JNCIC . 2L01JUINSVTML80537.QR.PAINSPHY0.FBI/320893RA9.PUR
/C.ATN/TSHEARON.
**CNTL # 80537 ******* RECEIVED FROM JUSTICE ON 02/19/2003 AT 13:55:31
JNCIC 0302191143 14:04:42 02/19/03 xx xx JUINS .
2L01JUINSVTML80537
PAINSPHY0
THIS INTERSTATE IDENTIFICATION INDEX RESPONSE IS THE RESULT OF YOUR
RECORD REQUEST FOR FBI/320893RA9. INDIVIDUAL'S RECORD WILL BE
COMPLETE WHEN ALL RESPONSES ARE RECEIVED FROM THE FOLLOWING SOURCES:
 FBI            - FBI/320893RA9
 PENNSYLVANIA   - STATE ID/PA23930617
 RHODE ISLAND   - STATE ID/RI09108124
END
**CNTL # 80537 ******* RECEIVED FROM JUSTICE ON 02/19/2003 AT 13:55:35
JNCIC 0302191144 14:04:43 02/19/03 xx xx JUINS .
2L01JUINSVTML80537
DC902176 MORE DATA FOLLOWS
PF1       PF2          PF3       PF5      PF6          PF8    PF9
NEXT PAGE PREVIOUS PAGE RESTART  RETURN  MASTER MENU  EXIT  PRINT QUE
```

02/19/2003 WED 14:19 FAX

```
NNXMSG01              NCIC/NLETS - VIEW MESSAGES              DATE: 02/19/2003
PAGE: 002        PRINTER ID:        CNTL NUMBER: 00000        TIME: 14:09:01

PAINSPHY0
ATN/TSHEARON
THIS RECORD IS BASED ONLY ON THE FBI NUMBER IN YOUR REQUEST-320893RA9.
BECAUSE ADDITIONS OR DELETIONS MAY BE MADE AT ANY TIME, A NEW COPY
SHOULD BE REQUESTED WHEN NEEDED FOR SUBSEQUENT USE.
                  - FBI IDENTIFICATION RECORD -
WHEN EXPLANATION OF A CHARGE OR DISPOSITION IS NEEDED, COMMUNICATE
DIRECTLY WITH THE AGENCY THAT FURNISHED THE DATA TO THE FBI.
NAME                          FBI NO.        DATE REQUESTED
DAVIES,DUARTE                 320893RA9      2003/02/19
SEX  RACE  BIRTH DATE  HEIGHT  WEIGHT  EYES  HAIR  BIRTH PLACE
M    B     1950/11/23  509     200     BRO   BRO   LIBERIA
FINGERPRINT CLASS  PATTERN CLASS          -  .  CITIZENSHIP
16 PO 16 CO 11     RS WU RS WU RS LS WU WU WU LS   AFRICA
10 PI PM CI 12        WU    WU           LS WU
1-ARRESTED OR RECEIVED 2000/03/16
   AGENCY-USINS PHILADELPHIA (PAINSPH00)
     AGENCY CASE-AR73034544
DC902176 MORE DATA FOLLOWS
PF1        PF2           PF3       PF5     PF6          PF8    PF9
NEXT PAGE  PREVIOUS PAGE  RESTART   RETURN  MASTER MENU  EXIT   PRINT QUE
```

Case 2:02-cv-04459-SD    Document 16-2    Filed 02/27/2003    Page 31 of 58

```
NNXMSG01              NCIC/NLETS - VIEW MESSAGES              DATE: 02/19/2003
PAGE: 003          PRINTER ID:        CNTL NUMBER: 00000      TIME: 14:09:03
     CHARGE 1-VIOL IMM LAWS/DEP PROC
ADDITIONAL CRIMINAL HISTORY RECORD INFORMATION IS MAINTAINED BY THE
FOLLOWING STATES(S):
PENNSYLVANIA -STATE ID/PA23930617
RHODE ISLAND -STATE ID/RI09108124
ALL ARREST ENTRIES CONTAINED IN THIS FBI RECORD ARE BASED ON
FINGERPRINT COMPARISONS AND PERTAIN TO THE SAME INDIVIDUAL.
THE USE OF THIS RECORD IS REGULATED BY LAW.  IT IS PROVIDED FOR
OFFICIAL USE ONLY AND MAY BE USED ONLY FOR THE PURPOSE REQUESTED.
END OF RECORD
**CNTL # 80537 ******* RECEIVED FROM JUSTICE ON 02/19/2003 AT 13:55:52
JNLET 0302191145 14:04:45 02/19/03 xx xx JUINS .
CR.PAIII0000
11:57 02/19/2003 05955
11:57 02/19/2003 03133 PAINSPHY0.*VTML 80537
HDR/2L01QR48477245
ATN/TSHEARON
THE FOLLOWING RECORD PERTAINS TO SID/PA23930617
DC902176 MORE DATA FOLLOWS
PF1        PF2          PF3      PF5      PF6          PF8    PF9
NEXT PAGE  PREVIOUS PAGE  RESTART  RETURN  MASTER MENU  EXIT  PRINT QUE
```

```
NNXMSG01                 NCIC/NLETS - VIEW MESSAGES              DATE: 02/19/2003
PAGE: 004           PRINTER ID:         CNTL NUMBER: 00000       TIME: 14:09:04


SP4-137B
               PENNSYLVANIA STATE POLICE CENTRAL REPOSITORY
       1800 ELMERTON AVENUE HARRISBURG, PENNSYLVANIA  17110  717-787-9092
ATTN: TSHEARON                        ORI: PAINSPHY0
--------------------------------------------------------------------------
 USE OF THE FOLLOWING CRIMINAL HISTORY RECORD FOR  *** SID/239-30-61-7 ***
 REGULATED BY ACT 47, AS AMENDED.  *** III - MULTIPLE STATE OFFENDER ***
--------------------------------------------------------------------------
DOB: 11/23/1950   SEX: M   RAC: B   SOC: 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   FBI: 320893RA9
--------------------------------------------------------------------------
NAME: DAVIES,DUARTE                     OTN: M695448-5
ARRESTED: 03/30/1996  PAPEP0000 PHILADELPHIA PD                OCA: C819499
DISPOSITION DATE: 09/30/1996  DISTRICT JUSTICE: 511J
02/03/1996  CC3121   RAPE - F1                    FOUND NOT GUILTY
02/03/1996  CC2705   RECKLESSLY ENDANGERING - M2  FOUND NOT GUILTY
02/03/1996  CC3126   INDECENT ASSAULT - M2        FOUND NOT GUILTY
02/03/1996  CC2903   FALSE IMPRISONMENT - M2      FOUND NOT GUILTY
02/03/1996  CC2902   UNLAWFUL RESTRAINT - M1      FOUND NOT GUILTY
DC902176 MORE DATA FOLLOWS
PF1        PF2         PF3       PF5       PF6         PF8    PF9
NEXT PAGE  PREVIOUS PAGE  RESTART  RETURN  MASTER MENU  EXIT  PRINT QUE
```

Case 2:02-cv-04459-SD    Document 16-2    Filed 02/27/2003    Page 33 of 58    ☑007/021
02/19/2003 WED 14:19 FAX

```
NNXMSG01              NCIC/NLETS - VIEW MESSAGES           DATE: 02/19/2003
PAGE: 005           PRINTER ID:      CNTL NUMBER: 00000    TIME: 14:09:05

02/03/1996  CC2701A  SIMPLE ASSAULT                    FOUND NOT GUILTY
02/03/1996  CC3127   INDECENT EXPOSURE                 FOUND NOT GUILTY
02/03/1996  CC3125   AGGRAVATED INDECENT ASSAULT - F2FOUND NOT GUILTY
02/03/1996  CC3124-1 SEXUAL ASSAULT - F2               FOUND NOT GUILTY
++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++
NAME: DAVIES,DUARTE                      OTN: M728043-1
ARRESTED: 12/11/1996  PAPEP0000 PHILADELPHIA PD                  OCA: C819499
12/11/1996  CC3929   RETAIL THEFT              DISPOSITION UNREPORTED
++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++
NAME: DAVIS,WILLIAM                      OTN: M732614-1
ARRESTED: 01/16/1997  PAPEP0000 PHILADELPHIA PD                  OCA: C819499
DISPOSITION DATE: 12/08/1997  COMMON PLEAS DOCKET: 9701-1417
01/16/1997  CC3929   RETAIL THEFT                      FOUND GUILTY
                                                       COUNTY PROBATION
                                                       01 YR

++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++
NAME: DAVIES,DUARTE                      OTN: M773833-4
ARRESTED: 11/10/1997  PAPEP0000 PHILADELPHIA PD                  OCA: C819499
DC902176 MORE DATA FOLLOWS
PF1         PF2          PF3        PF5       PF6          PF8    PF9
NEXT PAGE  PREVIOUS PAGE  RESTART   RETURN   MASTER MENU  EXIT   PRINT QUE
```

Case 2:02-cv-04459-SD     Document 16-2     Filed 02/27/2003     Page 34 of 58     ☑008/021

```
NNXMSG01              NCIC/NLETS - VIEW MESSAGES            DATE: 02/19/2003
PAGE: 006           PRINTER ID:      CNTL NUMBER: 00000     TIME: 14:09:07

11/10/1997  CC3929   RETAIL THEFT              DISPOSITION UNREPORTED
+++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++
NAME: DAVIS,DUAITE                  OTN: M775629-1
ARRESTED: 11/22/1997  PAPEP0000 PHILADELPHIA PD             OCA: C819499
DISPOSITION DATE: 12/08/1997  COMMON PLEAS DOCKET: 9711-0095
11/22/1997  CC3929   RETAIL THEFT                 FOUND GUILTY
                                                  COUNTY PROBATION
                                                  01 YR

+++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++
NAME: DAVIES,DUARTIC BLAMO          OTN: F225315-6
ARRESTED: 01/13/1998  PA0460800 EAST NORRITON TWP PD        OCA: 1398
DISPOSITION DATE: 01/04/2002  DISTRICT JUSTICE: 38101
01/13/1998  CC3929A1 RETAIL THEFT              QUASHED/DISMIS/DEMUR SUS
+++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++
NAME: DAVIES,DUARTE                 OTN: F099373-1
ARRESTED: 10/16/1998  PA0461900 NORRISTOWN PD              OCA: 98808
DISPOSITION DATE: 03/03/2000  DISTRICT JUSTICE: 38115
10/16/1998  CS13A16  VIO CS/DRUG/DEV & COSMETIC ACT  NOLLE PROSSED/WITHDRAWN
DC902176 MORE DATA FOLLOWS
PF1        PF2        PF3      PF5      PF6        PF8    PF9
NEXT PAGE  PREVIOUS PAGE  RESTART  RETURN  MASTER MENU  EXIT  PRINT QUE
```

02/19/2003 WED 14:19 FAX

```
NNXMSG01              NCIC/NLETS - VIEW MESSAGES           DATE: 02/19/2003
PAGE: 007       PRINTER ID:      CNTL NUMBER: 00000        TIME: 14:09:08
                      - M3
10/16/1998  CS13A32  VIO CS/DRUG/DEV & COSMETIC ACT  NOLLE PROSSED/WITHDRAWN
                      - M3
++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++
NAME: DAVIES,DUARTE              OTN: F249962-6
ARRESTED: 09/07/1999  PA0480300 BETHLEHEM PD                OCA: 20667
DISPOSITION DATE: UNKNOWN
09/07/1999  CS13A32  VIO CS/DRUG/DEV & COSMETIC ACT  FOUND NOT GUILTY
++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++
NAME: DAVIES,DUARTE              OTN: L048557-5
ARRESTED: 11/10/1999  PA0390100 ALLENTOWN PD               OCA: UNKNOWN
DISPOSITION DATE: UNKNOWN
11/10/1999  CS13A35  VIO CS/DRUG/DEV & COSMETIC ACT  PLEAD GUILTY TO LESSER
                      - F
            CC5503   DISORDERLY CONDUCT - M3           PLEAD GUILTY
                                                      FINES AND COSTS
++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++
DC902176 MORE DATA FOLLOWS
         <<<<<<<<<<  ADDITIONAL IDENTIFIERS  >>>>>>>>>>
PF1      PF2          PF3       PF5      PF6         PF8    PF9
NEXT PAGE PREVIOUS PAGE RESTART RETURN  MASTER MENU  EXIT   PRINT QUE
```

02/19/2003 WED 14:20 FAX                                                    ☑010/021

```
NNXMSG01               NCIC/NLETS - VIEW MESSAGES            DATE: 02/19/2003
PAGE: 008        PRINTER ID:          CNTL NUMBER: 00000     TIME: 14:09:09
```

```
AKA'S: BLAMO,JOHN
DOB'S: 12/22/1955
IDENTIFIED AS AN ALIEN - REG #: NONE REPORTED  POB: TRINIDAD AND TOBAGO
F = FELONY, M = MISDEMEANOR, S = SUMMARY AND THE NUMERIC = THE DEGREE.
THIS RESPONSE IS BASED ON REQUESTER FURNISHED INFORMATION AND INCLUDES
FINGERPRINT SUPPORTED DATA EXCLUSIVELY FROM THE FILES OF THE PENNSYLVANIA
STATE POLICE REPOSITORY.  IT DOES NOT PRECLUDE THE EXISTENCE OF OTHER
CRIMINAL RECORDS CONTAINED IN THE REPOSITORIES OF OTHER LOCAL, STATE OR
FEDERAL CRIMINAL JUSTICE AGENCIES.
END OF RECORD FOR SID 239-30-61-7
**CNTL # 80537 ******** RECEIVED FROM JUSTICE ON 02/19/2003 AT 13:56:07
JNLET 0302191147 14:05:05 02/19/03 xx xx JUINS .
CR.RIIII0000
11:57 02/19/2003 02469
11:57 02/19/2003 03134 PAINSPHY0.*VTML 80537
HDR/2L01QR48477245.88.4.
ATN/TSHEARON
BECAUSE ADDITIONS OR DELETIONS MAY BE MADE AT ANY TIME A NEW COPY
DC902176 MORE DATA FOLLOWS
PF1        PF2          PF3       PF5       PF6         PF8    PF9
NEXT PAGE  PREVIOUS PAGE  RESTART  RETURN   MASTER MENU  EXIT  PRINT QUE
```

```
NNXMSG01              NCIC/NLETS - VIEW MESSAGES            DATE: 02/19/2003
PAGE: 009        PRINTER ID:       CNTL NUMBER: 00000       TIME: 14:09:10

SHOULD BE REQUESTED FOR SUBSEQUENT USE.
           State of Rhode Island and Providence Plantations
                   Department of Attorney General
                      Criminal History Record
                    Feb 19 2003 14:00:35   PAINSPHY0
IDENTIFICATION DATA
NAME:                              ALIAS:
DAVIES, DUARTE
STATE IDENT. NO.          FBI NO.
9108124                     320893RA9
SEX:      HEIGHT:     WEIGHT:       RACE:        HAIR:        EYE:
MALE      509         200           B            BRO          BRO
DATE OF BIRTH:     SCARS, MARKS, AND TATTOOS:
11-23-1950
PLACE BORN:      SSN:
        FINGER PRINT CLASSFICATION
HENRY UPPER: 27 W OOO 11      NCIC CLASS: 16 PO 16 CO 11
HENRY LOWER:  4 W IMI                     10 PI PM CI 12
DC902176 MORE DATA FOLLOWS
PF1        PF2          PF3      PF5      PF6         PF8    PF9
NEXT PAGE  PREVIOUS PAGE  RESTART  RETURN  MASTER MENU  EXIT  PRINT QUE
```

```
NNXMSG01                  NCIC/NLETS - VIEW MESSAGES              DATE: 02/19/2003
PAGE: 010          PRINTER ID:           CNTL NUMBER: 00000       TIME: 14:09:11
```

AFIS CLASS:
OPERATOR LICENSE      OLN:                    OLS:  OLY:
RESIDENCE:
OCCUPATION:           EMPLOYER:
ARREST/DISPOSITION:
   THIS REPORT IS BASED ON INFORMATION SUPPLIED BY LOCAL LAW ENFORCEMENTS.
MATCH HAS BEEN MADE ON NAME AND DATE OF BIRTH.  ALL CRIMINAL HISTORY RECORDS
MAINTAINED BY THE STATE OF RHODE ISLAND ARE SUPPORTED BY FINGERPRINTS.  THIS
INFORMATION IS A COMPILATION OF RHODE ISLAND CHARGES AND MAY NOT CONTAIN A
COMPLETE RECORD OR THE DISPOSITION OF THE CHARGE.
*******************************************************************
CRIMINAL JUSTICE SUMMARY
TOTAL NUMBER OF ARRESTS: 9
DATE OF LAST ARREST: 05-08-1995
*******************************************************************
              CRIMINAL HISTORY
*******
ARREST #1 / CHARGE
DC902176 MORE DATA FOLLOWS
PF1          PF2           PF3       PF5       PF6          PF8    PF9
NEXT PAGE  PREVIOUS PAGE  RESTART  RETURN  MASTER MENU  EXIT  PRINT QUE

02/19/2003 WED 14:20 FAX    ☑013/021

```
NNXMSG01                NCIC/NLETS - VIEW MESSAGES              DATE: 02/19/2003
PAGE: 011          PRINTER ID:        CNTL NUMBER: 00000        TIME: 14:09:13
```

```
DATE OF ARREST: 09-27-1991
ARRESTING AGENCY: PROVIDENCE (409)
ARRESTING AGENCY CASE #:
ARREST CHARGES:
     OFFENSE: ASLT
     ARREST MISC COMMENTS: CASECT: 000 /FILLER:
DISPOSITION/FINDING
CHARGES DISPOSED OF:
       No information available
*******
ARREST #2 / CHARGE
DATE OF ARREST: 03-25-1992
ARRESTING AGENCY: PAWTUCKET (408)
ARRESTING AGENCY CASE #:
ARREST CHARGES:
     OFFENSE: DOM ASSLT
     ARREST MISC COMMENTS: CASECT: 000 /FILLER:
DISPOSITION/FINDING
DC902176 MORE DATA FOLLOWS
PF1         PF2             PF3        PF5       PF6         PF8     PF9
NEXT PAGE   PREVIOUS PAGE   RESTART    RETURN    MASTER MENU  EXIT   PRINT QUE
```

NNXMSG01              NCIC/NLETS - VIEW MESSAGES          DATE: 02/19/2003
PAGE: 012        PRINTER ID:        CNTL NUMBER: 00000    TIME: 14:09:14

CHARGES DISPOSED OF:
     No information available
* * * * * *
ARREST #3 / CHARGE
DATE OF ARREST: 05-01-1992
ARRESTING AGENCY: PAWTUCKET (408)
ARRESTING AGENCY CASE #:
ARREST CHARGES:
     OFFENSE: DOM ASSLT
     ARREST MISC COMMENTS: CASECT: 000 /FILLER:
DISPOSITION/FINDING
CHARGES DISPOSED OF:
     No information available
* * * * * *
ARREST #4 / CHARGE
DATE OF ARREST: 06-17-1992
ARRESTING AGENCY: PROVIDENCE (409)
ARRESTING AGENCY CASE #:
DC902176 MORE DATA FOLLOWS
PF1        PF2            PF3        PF5        PF6          PF8      PF9
NEXT PAGE  PREVIOUS PAGE  RESTART    RETURN     MASTER MENU  EXIT     PRINT QUE

NNXMSG01                    NCIC/NLETS - VIEW MESSAGES              DATE: 02/19/2003
PAGE: 013          PRINTER ID:        CNTL NUMBER: 00000            TIME: 14:09:15

ARREST CHARGES:
     OFFENSE: D/C
     ARREST MISC COMMENTS: CASECT: 000 /FILLER:
DISPOSITION/FINDING
CHARGES DISPOSED OF:
     No information available
*******
ARREST #5 / CHARGE
DATE OF ARREST: 09-29-1992
ARRESTING AGENCY: PROVIDENCE (409)
ARRESTING AGENCY CASE #:
ARREST CHARGES:
     OFFENSE: POSS STLN MV
     ARREST MISC COMMENTS: CASECT: 000 /FILLER:
DISPOSITION/FINDING
CHARGES DISPOSED OF:
     No information available
*******
DC902176 MORE DATA FOLLOWS
PF1          PF2              PF3        PF5      PF6            PF8    PF9
NEXT PAGE  PREVIOUS PAGE   RESTART   RETURN   MASTER MENU     EXIT   PRINT QUE

02/19/2003 WED 14:20 FAX                                        ☒016/021

```
NNXMSG01                 NCIC/NLETS - VIEW MESSAGES           DATE: 02/19/2003
PAGE: 014          PRINTER ID:          CNTL NUMBER: 00000    TIME: 14:09:17

ARREST #6 / CHARGE
DATE OF ARREST: 03-30-1993
ARRESTING AGENCY: SMITHFIELD (411)
ARRESTING AGENCY CASE #:
ARREST CHARGES:
     OFFENSE: OBSTRUCTION
     ARREST MISC COMMENTS: CASECT: 000 /FILLER:
     OFFENSE: CANCELLED LICENSE
     ARREST MISC COMMENTS: CASECT: 000 /FILLER:
DISPOSITION/FINDING
CHARGES DISPOSED OF:
    AGENCY:
    CASE #:
    DISPOSITION: G, 1YR SS/PROB, FINE
    DISPOSITION DATE: 04-12-1993
    AGENCY:
    CASE #:
    DISPOSITION: FINE
DC902176 MORE DATA FOLLOWS
PF1            PF2             PF3        PF5       PF6             PF8      PF9
NEXT PAGE   PREVIOUS PAGE   RESTART    RETURN    MASTER MENU      EXIT    PRINT QUE
```

Case 2:02-cv-04459-SD     Document 16-2     Filed 02/27/2003     Page 43 of 58

```
NNXMSG01              NCIC/NLETS - VIEW MESSAGES          DATE: 02/19/2003
PAGE: 015        PRINTER ID:        CNTL NUMBER: 00000    TIME: 14:09:18

        DISPOSITION DATE: 04-12-1993
*******
ARREST #7 / CHARGE
DATE OF ARREST: 02-01-1995
ARRESTING AGENCY: NEWPORT (303)
ARRESTING AGENCY CASE #:
ARREST CHARGES:
      OFFENSE: VIOL BANKING LAWS
      ARREST MISC COMMENTS: CASECT: 000 /FILLER:
DISPOSITION/FINDING
CHARGES DISPOSED OF:
      AGENCY:
      CASE #:
      DISPOSITION: GUILTY, 1YR SS/PROB W/RESTITUTION AND COSTS
      DISPOSITION DATE: 03-14-1995
*******
ARREST #8 / CHARGE
DATE OF ARREST: 03-02-1995
DC902176 MORE DATA FOLLOWS
PF1        PF2              PF3        PF5      PF6          PF8      PF9
NEXT PAGE  PREVIOUS PAGE    RESTART    RETURN   MASTER MENU  EXIT     PRINT QUE
```

02/19/2003 WED 14:20 FAX                                                  ☒018/021

```
NNXMSG01                    NCIC/NLETS - VIEW MESSAGES          DATE: 02/19/2003
PAGE: 016          PRINTER ID:          CNTL NUMBER: 00000      TIME: 14:09:19
```

ARRESTING AGENCY: MIDDLETOWN (302)
ARRESTING AGENCY CASE #:
ARREST CHARGES:
      OFFENSE: CAPIAS
      ARREST MISC COMMENTS: CASECT: 000 /FILLER:
DISPOSITION/FINDING
CHARGES DISPOSED OF:
      No information available
* * * * * *
ARREST #9 / CHARGE
DATE OF ARREST: 05-08-1995
ARRESTING AGENCY: NEWPORT (303)
ARRESTING AGENCY CASE #:
ARREST CHARGES:
      OFFENSE: SIMPLE ASSAULT
      ARREST MISC COMMENTS: CASECT: 000 /FILLER:
DISPOSITION/FINDING
CHARGES DISPOSED OF:
DC902176 MORE DATA FOLLOWS
PF1          PF2              PF3         PF5      PF6           PF8      PF9
NEXT PAGE  PREVIOUS PAGE  RESTART    RETURN   MASTER MENU   EXIT   PRINT QUE

```
NNXMSG01                 NCIC/NLETS - VIEW MESSAGES              DATE: 02/19/2003
PAGE: 017          PRINTER ID:        CNTL NUMBER: 00000         TIME: 14:09:21

        AGENCY:
        CASE #:
        DISPOSITION: N, 1YR PROB W/COSTS
        DISPOSITION DATE: 10-06-1995
            DISCLAIMER FOR NON LAW-ENFORCEMENT REQUESTS
RELEASE OF THIS INFORMATION IS MADE PURSUANT TO R.I. GEN. LAWS SECTION
38-2-2(d)(4) UPON RECEIPT OF AN INDIVIDUAL'S WRITTEN AUTHORIZATION.
DISSEMINATION OF THIS INFORMATION IS PROHIBITED.
END OF RECORD
*****************************************************************
THE FOLLOWING TRANSACTION IS BEING SENT TO JUSTICE:
JUINS PP NN JNCIC . 2L01JUINSVTML80536.QH.PAINSPHY0.NAM/DAVIES,DUARTI
E.DOB/19501123.SEX/M.RAC/U.PUR/C
**CNTL # 80536 ******* RECEIVED FROM JUSTICE ON 02/19/2003 AT 13:54:31
JNCIC 0302191142 14:03:41 02/19/03 xx xx JUINS .
2L01JUINSVTML80536
PAINSPHY0
THIS NCIC INTERSTATE IDENTIFICATION INDEX RESPONSE IS THE RESULT OF YOUR
DC902176 MORE DATA FOLLOWS
PF1         PF2            PF3       PF5      PF6          PF8    PF9
NEXT PAGE  PREVIOUS PAGE  RESTART   RETURN   MASTER MENU  EXIT   PRINT QUE
```

```
NNXMSG01                    NCIC/NLETS - VIEW MESSAGES              DATE: 02/19/2003
PAGE: 018        PRINTER ID:        CNTL NUMBER: 00000              TIME: 14:09:22

INQUIRY ON NAM/DAVIES,DUARTIE SEX/M RAC/U DOB/19501123 PUR/C
NAME                          FBI NO.           INQUIRY DATE
DAVIES,DUARTE                 320893RA9         2003/02/19
SEX RACE BIRTH DATE  HEIGHT WEIGHT EYES HAIR  BIRTH PLACE              PHOTO
M    B   1950/11/23  509    200    BRO  BRO   LIBERIA                  N
FINGERPRINT CLASS        PATTERN CLASS
16 PO 16 CO 11      RS WU RS WU RS LS WU WU WU LS
10 PI PM CI 12          WU    WU         LS WU
ALIAS NAMES
BLAMO,JOHN                    DAVIES,DUANTE
DAVIES,DUARTE B              DAVIES,DUARTIC BLAMO
DAVIES,DUARTIE BLAMO        DAVIS,DUAITE
DAVIS,WILLIAM
OTHER        SCARS-MARKS-
BIRTH DATES  TATTOOS       SOCIAL SECURITY  MISC NUMBERS
1955/12/22  SC FGR         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      AR-A73034544
            SC FHD
IDENTIFICATION DATA UPDATED 2002/08/05
DC902176 MORE DATA FOLLOWS
PF1         PF2           PF3       PF5       PF6          PF8    PF9
NEXT PAGE   PREVIOUS PAGE RESTART   RETURN    MASTER MENU  EXIT   PRINT QUE
```

```
NNXMSG01              NCIC/NLETS - VIEW MESSAGES          DATE: 02/19/2003
PAGE: 019      PRINTER ID:        CNTL NUMBER: 00000      TIME: 14:09:23
```

THE CRIMINAL HISTORY RECORD IS MAINTAINED AND AVAILABLE FROM THE
FOLLOWING:
```
 PENNSYLVANIA     - STATE ID/PA23930617
 RHODE ISLAND     - STATE ID/RI09108124
 FBI              - FBI/320893RA9
```
THE RECORD(S) CAN BE OBTAINED THROUGH THE INTERSTATE IDENTIFICATION
INDEX BY USING THE APPROPRIATE NCIC TRANSACTION.
END


```
DC902177 END OF DATA
PF1           PF2              PF3       PF5      PF6          PF8    PF9
NEXT PAGE   PREVIOUS PAGE    RESTART   RETURN   MASTER MENU   EXIT   PRINT QUE
```

EXHIBIT 6



**U.S. Department of Justice**
Immigration and Naturalization Service

 

HQPDU
*Washington, DC 20536*

A73 034 544

Duarte Blamo Davies
Philadelphia District Office
Berks County Prison
1287 County Welfare Road
Leesport, PA  19533

### Decision to Continue Detention

The Immigration and Naturalization Service (INS) has reviewed your for release from detention pending your eventual removal from the United States.  Based upon evidence in your administrative file as well as other information, your request is denied.  You are able to submit additional evidence to demonstrate a good reason to believe that repatriation to Liberia is not likely in the foreseeable future.

You are a native and citizen of Liberia who entered the United States on December 31, 1987 as a temporary visitor.  Since your arrival in the United States, you have been arrested and convicted of numerous crimes including: possession of a stolen motor vehicle, violation of banking laws, failure to appear for court, rape, recklessly endangering, indecent assault, false imprisonment, unlawful restrain, simple assault, indecent exposure, aggravated assault, retail theft and violation of drugs/deviant and cosmetic act.  An immigration judge entered an order of removal against you.  You filed an appeal of this decision with the Board of Immigration Appeals.  The Board of Immigration Appeals dismissed your appeal on July 23, 2001 making your order administratively final.  You then filed for a stay of removal with the Middle District of Pennsylvania, which was granted.

Subsequent to receiving your final order, the INS began efforts to remove you.  A request was made to the Consulate of Liberia on August 6, 2001 requesting a travel document to effect your repatriation to Yemen.  The Liberian Consulate conducted a telephonic interview with you on August 16, 2001.  At this time, there is a significant likelihood that, with the exception of the fact that you have stay of removal, the INS could remove you to Liberia.  The removal period to effect your repatriation to Liberia is suspended while your stay is in effect.  Once your stay is lifted, a new removal period will commence.

It is the experience of the INS that removals to Liberia are possible in the reasonably foreseeable future. In Fiscal Year 2001 and the first quarter of Fiscal Year 2002, the INS successfully repatriated 36 Liberian nationals.

This denial, however, does not prevent you from bringing forth evidence at anytime in the future to demonstrate a good reason to believe that your repatriation is unlikely. You are advised that it is your responsibility to comply with the removal order.

Further you must demonstrate that you are co-operating with the INS' efforts to remove you by exhausting all possible means to obtain a travel document for your repatriation. You are also advised that any wilful failure or refusal on your part to make an application in good faith for a travel document, or any conspiracy on your part with others to obstruct the travel document issuance, may subject you to criminal prosecution under 8 U.S.C. § 1253(a).

_____
Signature of HQPDU Director/Designated Representative

3-11-02
Date

**Decision to Continue Detention**
A73 034 544, Duarte Blamo Davies

**Page 3**

---

## PROOF OF SERVICE

**(1)**    **Personal Service (Officer to complete both (a) and (b) below.)**

(a)    I    B. Powers                                        ,    DEO                                ,
                    Name of INS Officer                                      Title

certify that I served    Duarte Blamo DAVIES                              with a copy of
                                      Name of detainee

this document at    Berks                    on  3/15/02  , at  1300        .
                              Institution                          Date              Time

(b)    I certify that I served the custodian _____,
                                                                      Name of Official

_____, at _____, on
                    Title                                              Institution

_____    with a copy of this document.
              Date

### OR

**(2)**    **Service by certified mail, return receipt.  (Attach copy of receipt)**

I _____, _____, certify __
              Name of INS Officer                              Title

that I served _____and the custodian _____
                        Name of detainee                                            Name of Official

with a copy of this document by certified mail at _____ on _____ .
                                                                    Institution                    Date

( ) cc: Attorney of Record or Designated Representative
( ) cc: A-File

EXHIBIT 7

Home    PACER                                                Help

# General Docket
## US Court of Appeals for the Third Circuit

```
Court of Appeals Docket #: 01-3265                    Filed: 8/20/01
Nsuit:    0
Davies v. Atty Gen USA
Appeal from: Immigration & Naturalization Service

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
Lower court information:

     District: 0090-1 : A73034544
     Date Filed: **/**/**
     Date order/judgment: 7/23/01
     Date NOA filed: **/**/**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
Fee status: In Forma Pauperis

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
Prior cases:
    None
Current cases:
    None


Docket as of February 25, 2003 4:01 pm              Page 1
```

---

```
01-3265  Davies v. Atty Gen USA

DUARTE BLAMO DAVIES #687-02        Duarte Blamo Davies #687-02
A73-034-544                       A73-034-544
     Petitioner                   Housing Unit A-106
                                  [NTC pro]
                                  Berks County Prison
                                  1287 County Welfare Road
                                  Leesport, PA 19533


     v.


ATTY GEN USA                      Marion E. Guyton
     Respondent                   FAX 616-4950
                                  202-616-9115
                                  [COR NTC gvt]
                                  United States Department of
                                  Justice
                                  Office of Immigration
                                  Litigation
                                  Ben Franklin Station
                                  P.O. Box 878
                                  Washington, DC 20044

                                  Richard M. Evans
                                  FAX 616-4950
```

```
                          202-616-4853
                          [COR NTC gvt]
                          Christopher C. Fuller
                          FAX 202-616-4949
                          202-616-9308
                          [COR NTC gvt]
                          United States Department of
                          Justice
                          Office of Immigration
                          Litigation
                          P.O. Box 878
                          Ben Franklin Station
                          Washington, DC 20044

                          Janice K. O'Grady
                          FAX 202-616-9777
                          202-616-4475
                          [COR NTC gvt]
                          United States Department of
                          Justice
                          1331 Pennsylvania Avenue, N.W.
                          Washington, DC 20530
```

Docket as of February 25, 2003 4:01 pm                    Page 2

---

01-3265  Davies v. Atty Gen USA

DUARTE BLAMO DAVIES #687-02 A73-034-544

       Petitioner

  v.

ATTY GEN USA

       Respondent

Docket as of February 25, 2003 4:01 pm                    Page 3

---

01-3265  Davies v. Atty Gen USA

| | |
|---|---|
| 8/20/01 | Agency Case Docketed. Petition (rev) filed by Duarte B. Davies #60546. Service made on 8/20/01. (clc) |
| 8/20/01 | MOTION by Petitioner to stay deportation, filed.  Answer due 8/27/01. Service made on 8/20/01. (clc) |
| 8/27/01 | APPEARANCE from Attorney Janice K. O'Grady and Christopher C. Fuller on behalf of Respondent Atty Gen USA, filed. (clc) |
| 8/27/01 | RESPONSE filed by Respondent Atty Gen USA to motion to stay deportation, filed.  Certificate of service dated 8/24/01. (clc) |

| | |
|---|---|
| 8/27/01 | Letter by Appellant which the Court may wish to construe as a document in support of motion to stay deportation, filed. (clc) |
| 8/31/01 | MOTION by Petitioner to proceed in forma pauperis, filed. Service made on 9/5/01. (clc) |
| 9/11/01 | ORDER (Clerk) granting motion to proceed in forma pauperis by Petitioner Duarte B. Davies, filed. (clc) |
| 9/12/01 | ADMINISTRATIVE RECORD received. (clc) |
| 10/11/01 | ORDER (Nygaard, Authoring Judge and Alito, Circuit Judges) granting motion to stay deportation by Petitioner depending on petitioner's petition for review, filed. DPS-275 (clc) |
| 10/11/01 | Certified copy of Order sent to agency. (clc) |
| 10/11/01 | ADMINISTRATIVE RECORD filed. (clc) |
| 10/11/01 | BRIEFING NOTICE ISSUED. Petitioner brief and appendix due 11/20/01. (clc) |
| 11/7/01 | MOTION by Petitioner Duarte B. Davies for extension of time to file brief and appendix, filed. Answer due 11/20/01. Certificate of Service dated 10/26/01. (gas) |
| 11/21/01 | ORDER (Clerk) granting motion to extend time to file brief and appendix by Petitioner Duarte B. Davies, filed. Appellant's brief and appendix shall be filed and served on or before December 20, 2001. (gas) |
| 12/3/01 | MOTION by Petitioner for appointment of counsel, filed. Answer due 12/10/01. Certificate of Service dated 12/3/01. (clc) |
| 12/14/01 | MOTION by Petitioner for extension of time to file brief and appendix until 1/15/02 filed. Answer due 1/3/02. Service made on 12/14/01. (clc) |

Docket as of February 25, 2003 4:01 pm                Page 4

---

01-3265  Davies v. Atty Gen USA

| | |
|---|---|
| 12/21/01 | ORDER (Clerk) granting motion to extend time to file brief and appendix by Petitioner. Petitioner's brief shall be filed and served on or before January 15, 2002. No further extensions will be granted. It is noted that all documents filed with the Court must be served on opposing counsel, filed. (clc) |
| 12/21/01 | MOTION by Petitioner to Release, filed. Answer due 1/2/02. Certificate of Service dated 12/20/01. (clc) |
| 1/22/02 | BRIEF on behalf of Pro Se Petitioner Davies, Pages: 19, Copies: 4, Delivered by mail, filed. Certificate of service date 1/15/02. (gpk) |
| 1/22/02 | Appellant's letter dated January 15, 2002. (arl) |

1/29/02          MOTION by Petitioner for extension of time to file brief
                 and appendix, filed. Answer due 2/19/02. Service made on
                 1/4/02. (clc)

1/30/02          Supplement to Letter Motion by Appellant for Extension of
                 Time to File Brief and Appendix, filed. (clc)

2/6/02           ORDER (Clerk) granting motion to extend time to file brief
                 and appendix with filing as of the date of this order,
                 filed. (clc)

2/6/02           APPENDIX on behalf of Pro Se Petitioner Davies. Copies: 4,
                 Volumes: 1, Delivered by mail, filed. Certificate of
                 service date 1/15/02. (Appellant's brief attached to front)
                 (gpk)

2/27/02          Memorandum Facts of Law to Support Petition for Release by
                 Petitioner, filed. (clc)

3/26/02          MOTION by Respondent to Dismiss Petitioner's Request for
                 Release, filed. Answer due 4/8/02. Certificate of Service
                 dated 3/26/02. (clc)

3/27/02          APPEARANCE from Attorney's Marion E. Guyton and Richard M.
                 Evans on behalf of Respondent Atty Gen USA, filed. (clc)

4/2/02           ORDER (Clerk) in light of the filing of respondent's motion
                 to dismiss, it is hereby ordered that respondent's brief
                 shall be filed and served within thirty (30) days of entry
                 of any order of the Court denying the motion to dismiss or
                 referring that motion to the merits panel for disposition.
                 It is noted that Petitioner's brief was filed as of January
                 22, 2002 and a document construed as his appendix was filed
                 as of February 6, 2002, filed. (clc)

4/2/02           ORDER (Scirica, Authoring Judge, Ambro and Stapleton,
                 Circuit Judges) dismissing motion by petitioner for release
                 for lack of jurisdiction, filed. C-60 (clc)

Docket as of February 25, 2003 4:01 pm                    Page 5

---

01-3265  Davies v. Atty Gen USA

4/9/02           ORDER (Clerk) referring to the merits panel the motion for
                 appointment of counsel. ZZ#SEND ZZ#TO ZZ#MERITS ZZ#PANEL.
                 (clc)

4/16/02          REPLY by petitioner TO RESPONSE by respondent's motion to
                 dismiss motion, received. Service made on 4/16/02. (clc)

4/26/02          BRIEF on behalf of Respondent Atty Gen USA, Pages: 10,
                 Copies: 10, Word Count: 7,208, Line Count: 831, Delivered
                 by mail, filed. Certificate of service date 2/26/02. (lal)

4/29/02          Appellant's letter dated April 23, 2002. (arl)

5/6/02           ORDER (Clerk) considering Appellant's Letters dated April
                 23, 2002 and January 15, 2002. It appears that the
                 appellant's brief has been submitted with corrections
                 hand-written. Appellant may, if he so chooses, file and

|          |                                                                                                                                                                                                                                                          |
|----------|------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|          | seve a corrected brief within fourteen (14) days of the date of this order. The corrected brief may not contain any new materials which were not in the brief as originally prepared in January, filed. (arl)                                              |
| 5/21/02  | MOTION by Petitioner for an extension of time to file a corrected brief, filed. Answer due 5/29/02. Certificate of Service dated 5/16/02. (clc)                                                                                                            |
| 5/21/02  | ORDER (Clerk) granting motion for extension of time to file a corrected brief by Petitioner.  An extension of thirty (30) days to file and serve corrected briefs as provided in the May 6, 2002 order, filed. (clc)                                       |
| 6/18/02  | MEMORANDUM OF LAW IN SUPPORT of motion for appointment of counsel, construed as supplement to motion for appointment of counsel on behalf of Petitioner Davies, filed. Certificate of service date 6/11/02. [Copies made by Legal Division.]  ZZ#SEND ZZ#TO ZZ#MERITS ZZ#PANEL (jle) |
| 6/27/02  | ORDER (Clerk) referring to the merits panel the supplement to motion for appointment of counsel, filed. (clc)                                                                                                                                             |
| 7/12/02  | SUPPLEMENTAL BRIEF on behalf of Pro Se Petitioner Davies. Pages: 12, Copies: 4, Delivered by mail, filed. Certificate of service date 6/19/02. (gpk)                                                                                                       |
| 7/12/02  | ORDER (Clerk) the foregoing supplement is filed as of the date of this order in accordance with the May 21, 2002 order.  The exhibits to the supplement are, however, stricken since they do not appear to be part of this record before the agency.  As an appellate court, this court is limited to review of the record and does not take new evidence, filed. (clc) |
| 12/9/02  | CALENDARED for Monday, December 23, 2002. (mac)                                                                                                                                                                                                           |

Docket as of February 25, 2003 4:01 pm                Page 6

---

01-3265  Davies v. Atty Gen USA

|          |                                                                                                                                                                                           |
|----------|-----------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
| 12/23/02 | SUBMITTED (Pro Se) Monday, December 23, 2002 Coram: Alito, Barry and Garth, Circuit Judges. (mac)                                                                                        |
| 1/13/03  | NOT FOR PUBLICATION NOT PRECEDENTIAL UNREPORTED PER CURIAM OPINION (Alito, Barry and Garth, Circuit Judges), filed. Total Pages: 7. Motion for appointment of counsel is denied. (clc)  |
| 1/13/03  | JUDGMENT affirmed, filed. (clc)                                                                                                                                                          |
| 2/19/03  | MOTION by Petitioner for extension of time to file petition for rehearing, filed.  Answer due 3/3/03. Certificate of Service dated 2/15/03. (clc)                                        |

Docket as of February 25, 2003 4:01 pm                Page 7

---

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 02/26/2003 11:30:58 | | | |
| PACER Login: | us5102 | Client Code: | |
| Description: | dkt report | Case Number: | 01-3265 |
| Billable Pages: | 7 | Cost: | 0.49 |

2/26/03 11:28 AM