```
           IN THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DUARTE BLAMO DAVIES              :    CIVIL ACTION
                                 :
         v.                      :
                                 :
JOHN ASHCROFT, ATTORNEY GENERAL  :    NO. 02-4459
```

ORDER

AND NOW, this 3rd day of March, 2003, upon consideration of the Amended Habeas Petition Pursuant to 28 U.S.C. § 2241 of Duarte Blamo Davies, and the Government's response thereto, and the Court finding that:

(a)  On January 29, 2001, after a hearing, an Immigration Judge (IJ) denied Davies's application for asylum, withholding of removal, and Convention Against Torture relief, and ordered Davies to be removed;

(b)  The Board of Immigration Appeals (BIA), to which Davies appealed, rendered the order of removal final on July 23, 2001 when it affirmed the decision of the IJ;

(c)  On August 20, 2001, Davies filed a Petition for Review with the Court of Appeals for the Third Circuit challenging the final order of removal;

(d)  On October 11, 2001, the Court of Appeals granted Davies a stay of removal pending outcome of the Petition For Review;

(e)  We recently learned that on January 13, 2003, the Court of Appeals decided the Petition For Review, and affirmed the order of removal in all respects, see Davies v. Attorney General, No. 01-3265, 2003 U.S. App. LEXIS 2286 (3d Cir. Jan. 13, 2003) (affirming without published opinion);

  (f) Since about September 28, 2000, Davies has been in the physical custody of the Immigration and Naturalization Service (INS);

  (g) The INS notified Davies on October 26, 2001 that his custody status was to receive review, and that he could submit any documentation he wished the INS to consider in support of his release, if he did so by November 26, 2001, see Am. Habeas Petition, Ex. 2;

  (h) The notice also informed Davies of the criteria the INS uses in making the custody determination, id.;

  (i) In February of 2002, the INS conducted a custody review, and determined that Davies should remain in continued INS detention;

  (j) Also in that custody review, District Director Kenneth Elwood transferred Davies to the INS Headquarters Post Detention Unit ("HQPDU") in Washington, D.C.;

  (k) The HQPDU, on March 11, 2002, rendered its own custody determination, and also decided that Davies should remain within the custody of the INS;

  (l) The gravamen of the INS's decision was that:

> The detainee has a history of violating the laws of the United States. Duartie Blamo Davies has failed to appear for a scheduled hearing and failed to submit any documents for employment or his living arrangements. These violations and omissions make him a flight risk if released from detention. The subject is a final order of removal, only a stay of removal granted by the middle

> district of PA[1] prevents the Service from removing him from the United States.
>
> Due to his lengthy criminal record and his history of failing to appear for his criminal proceedings, I recommend that Duartie Blamo Davies remain in Service custody....

Id., Ex. 3 ("Decision by District Director to Continue Detention Upon Expiration of Removal Period," at 5) (Feb. 15, 2002);

(m)  In his petition for habeas corpus, Davies seeks an Order from this Court releasing him from INS custody;

(n)  Davies eloquently argues that he is not a flight risk or a danger to his community, and that INS decision overstates both his criminal history and his record of failing to appear at court proceedings, and overlooks the substantial ties that he has developed to his community, his church, and his job;

(o)  Our review, however, is circumscribed;

(p)  Now that the Petition For Review has been decided, and determined adversely to the petitioner, the 90 day removal period specified under 8 U.S.C. § 1231 has begun running, see 8 U.S.C. § 1231(a)(1)(B)(ii) ("The removal period begins on the latest of the following: ...If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.");

(q)  During this 90 day removal period, which in this case runs from January 13, 2003 until April 13, 2003, the INS is

---

[1] We are aware only of a stay of removal that our Court of Appeals issued.  But whether the Court of Appeals or the District Court for the Middle District of Pennsylvania (or both) issued a stay of removal is of no moment.  The legal effect is the same.

vested with plenary authority to hold the individual in detention, see 8 U.S.C. § 1231(a)(2) ("During the removal period, the Attorney General shall detain the alien.");

(r)  Detention in this period is thus permitted, if not mandated, by statute;

(s)  Detention for this fixed period of time pending removal does not violate the Due Process Clause, compare Zadvydas v. Davis, 533 U.S. 678 (2001) (holding that indefinite detention of alien, after the 90 day removal period, and where not reasonably necessary to secure the alien's removal, violates the Due Process Clause);

(t)  At the end of the 90 day period, assuming that Davies is not deported before then, the INS must pursuant to regulation conduct an individualized custody review, and Davies may then by all means present to the INS the documentation for why he does not pose a risk of flight or danger to the community that he has presented to us, see 8 C.F.R. § 241.4(k)(1);

(u)  If Davies then demonstrates to the INS's satisfaction that he does not pose a risk of flight or of danger to the community, the INS shall release him subject to appropriate conditions of supervision, 8 U.S.C. §§ 1231(a)(6), (a)(3); and

(v)  We also note that, assuming that petitioner's attacks on the February and March 2002 custody reviews have not been mooted by the Court of Appeals' denial of his Petition For Review, and the resulting triggering of the removal period, those

claims lack merit because (1) petitioner was afforded an individualized custody determination,[2] (2) was given a meaningful opportunity to be heard with respect to the custody determination,[3] and (3) we are without jurisdiction on habeas corpus to review bare errors of fact[4];

It is hereby ORDERED that:

1.   The Amended Habeas Petition Pursuant to 28 U.S.C. § 2241 is DISMISSED;

2.   There is no basis on which to issue a certificate of appealability under 28 U.S.C. § 2253; and

3.   The Clerk of Court shall CLOSE this case statistically.

BY THE COURT:

_____
Stewart Dalzell, J.

---

[2] The INS must conduct individualized review into the justification for physical detention under the Due Process Clause. See Ngo v. INS, 192 F.3d 390 (3d Cir. 1999) (excludable aliens awaiting final determination on removal); Patel v. Zemski, 275 F.3d 299 (3d Cir. 2001) (lawful permanent residents awaiting final determination on removal); Zadvydas v. Davis, 533 U.S. 678 (2001) (lawful permanent residents subject to final order of removal and awaiting deportation).

[3] See Chong v. District Director of INS, 264 F.3d 378, 386 (3d Cir. 2001) (discussing procedural due process).

[4] Sol v. INS, 274 F.3d 648, 651 (2d Cir. 2001); Sulaiman v. Attorney General, 212 F. Supp. 2d 413, 416 (E.D. Pa. 2002).